ACCEPTED
15-00014-cv
SEVENTH COURT OF APPEALS
AMARILLO, TEXAS
5/6/2015 4:16:29 PM
Vivian Long, Clerk

## CAUSE NO. 07-15-00014-CV

---

**IN THE SEVENTH COURT OF APPEALS**
**AMARILLO, TEXAS**

FILED IN
7th COURT OF APPEALS
AMARILLO, TEXAS

5/6/2015 4:16:29 PM

VIVIAN LONG
CLERK

---

**BURTON CREEK DEVELOPMENT, LTD.**
**AND BURTON CREEK MANAGEMENT, LLC**

**APPELLANTS**

**V.**

**DAVID COTTRELL**

**APPELLEE**

---

**BRIEF OF THE APPELLANTS**

---

**HEATH C. POOLE**
**HOELSCHER, LIPSEY, ELMORE &**
**POOLE, P.C.**
**1021 UNIVERSITY DRIVE**
**COLLEGE STATION, TEXAS 77840**
**979.846.4726 telephone**
**979.846.4725 facsimile**
**heath@hle.com**

**ATTORNEYS FOR APPELLANTS**

## IDENTITY OF PARTIES AND COUNSEL

**APPELLANTS:  BURTON CREEK DEVELOPMENT, LTD. AND BURTON CREEK MANAGEMENT, LLC ("Burton")**


**COUNSEL FOR APPELLANTS:**

Heath C. Poole
Hoelscher, Lipsey, Elmore & Poole, P.C.
SBN No. 24027627
1021 University Drive
College Station, Texas 77840
979.846.4726 telephone
979.846.4725 facsimile
heath@hle.com

**APPELLEE:      DAVID COTTRELL ("Cottrell")**


**COUNSEL FOR APPELLEE:**

Robert G. Bailey
Robert G. Bailey, P.C.
SBN No. 01536200
3306 Sul Ross
Houston, Texas 77098
832.485.1338 telephone
713.630.0017 facsimile
rbailey@robertbaileypc.com

i

# TABLE OF CONTENTS

Identity of Parties and Counsel                                i

Table of Contents                                             ii

Index of Authorities                                          1

Statement of Case                                            2

Statement of Facts                                          3

Summary of Argument                                        6

Argument and Authorities                                   8

Issues Presented

    A.    The Trial court erred in denying Burton's Motion for Summary Judgment.

    B.    The Trial court erred in granting Cottrell's Cross-Motion for Partial Summary Judgment                        9

Prayer                                                      15

Certificate of Compliance                                  16

Certificate of Service                                     16

Appendix                                                    17

# INDEX OF AUTHORITIES

Cases/Statutes                                                                    Page

Texas Real Estate Licensing Act                                                   2

Texas Occupations Code § 1101.806(c)                                              2

*Neary et al v. MIKOB Properties, Inc.*, 340 S.W.3d 578
(Tex. App.-Dallas 2011)                                                           3

*Nixon v. Mr. Prop. Mgmt. Co.,* 690 S.W.2d 546 (Tex. 1985)                        7

*Tex. Builders v. Keller*, 928 S.W.2d 479 (Tex. 1996)                             9

*Lathem v. Kruse*, 290 S.W.3d 922 (Tex. App.-Dallas 2009, no pet.)                9

*Hall v. Hard*, 160 Tex. 565 (1960)                                               10

*Frady v. May*, 23 S.W.3d 558, 562
(Tex. App.—Fort Worth 2000, pet denied).                                         11

*Carmack v. Beltway Development Co.*, 701 S.W.2d 37, 40
(Tex. App.—Dallas 1985, no writ).                                                12

*Landis v. W. H. Fuqua, Inc.,* 159 S.W.2d 228, 231
(Tex. App.—Amarillo 1942, writ ref'd)                                            12

*Exxon Corp. v. Breezevale, Ltd.*, 82 S.W.3d 429, 439
(Tex. App.—Dallas 2002, pet. denied)                                             13

*Hairston v. Southern Methodist Univ.*, 2013 WL 1803549
(Tex. App.—Dallas 2013, pet. denied)                                             13

*Magcobar N. American, v. Grasso Oilfield Svcs.,*
736 S.W.2d 787, 796 (Tex. App-Corpus Christi 1987, pet. denied)                  14

**TO THE HONORABLE COURT OF APPEALS:**

**STATEMENT OF CASE**

Cottrell contends that an email ("the Email"), sent by a representative of Burton, wherein possible buyers, potential commissions, uncertain sales prices, and ambiguously described lands, are discussed, constitutes a "contract" that satisfies the applicable statute of frauds requirement, as contained in the Real Estate Dealers License Act ("RELA") as codified in the Texas Occupations Code §1101.806(c).

Additionally, Cottrell contends that even if the "contract" does not satisfy the applicable statute of frauds, that he should be entitled to a commission based on the doctrine of partial performance, as an exception to the statute of frauds.

Burton contends that the Email only contemplated the potential sale of their lands, referred to as apartment land, and is representative of nothing more than possible deal points. More importantly, the Email is not a contract, was never intended by either party to be a contract, and most definitely does not satisfy the statute of frauds as required by the RELA and the Texas Occupations Code §1101.806 (c).

Texas law requires that in order to recover a commission from the sale of real estate, the following must be evidenced in writing:

1. The agreement must be in writing and signed by the person charged with paying the commission;

2. The writing must contain a definite commission;

3. The writing must identify the broker to whom the commission is to be paid; and

4. The writing must either itself or by reference to some other existing writing, identify with reasonable certainty the land to be conveyed. *Neary et al v. MIKOB Properties, Inc.*, 340 S.W.3d 578 (Tex. App.-Dallas 2011).

The Email is not a contract. The Email was not a sufficient writing, compliant with Texas law, in order to recover a real estate commission, nor does the doctrine of partial performance apply to this case, as an exception to the statute of frauds, to create an obligation for Burton to pay Cottrell a real estate commission on the sale of its property.

## STATEMENT OF FACTS

Burton were and currently are, the owners of several parcels of real property located in the City of Bryan, Texas, (collectively referred to herein as "the Property") in the general geographical vicinity of East William Joel Bryan Parkway, East Villa Maria Road, Nash Street, and Broadmoor Drive.

3

Prior to December 14, 2011, Burton had been in discussions regarding the possible sale of one (1) parcel of land, located within the Property, herein referred to as ("the Apartment Property"), to a developer for the purpose of building multi-family residential apartments. During the course of the discussions regarding the potential sale of the Apartment Property, it was contemplated that Cottrell, a Texas licensed real estate broker, would be authorized to bring prospective buyers of the Apartment Property to Burton for its consideration.

In furtherance of its contemplations regarding the role of Cottrell in locating prospective buyers for the Apartment Property, Burton sent the Email to Cottrell which contemplated the payment of a potential real estate commission upon the sale of the Apartment Property. The language of the Email states that a real estate commission would apply to the sale, if Cottrell brought a prospective buyer that could close on a sale of the Apartment Property, for a sales price in excess of $7.45 per square foot.

The Email recites that a potential commission could be earned. However, it does not specifically describe the Property that any such contemplated potential commission, if all conditions precedent were met, might apply. (See Appendix #1)

4

Ultimately, Burton entered into a written contract and later sold a parcel of land, located within the Property, to Del Lago Ventures, Inc. Specifically, that parcel of land was located at the corner of East William Joel Bryan Parkway and Nash Street. The parcel was purchased by Del Lago Ventures, Inc. for the sum of $850,000.00. Del Lago Ventures, Inc. or their assigns subsequently built a "RaceTrac" convenience store and gas station on the property, and is herein referred to as the "RaceTrac Property".

Subsequent to the closing on the sale of the RaceTrac Property, Cottrell made demand on Burton for a commission of $50,015.15, based only on the sale of the RaceTrac Property. Cottrell claimed that based only on the Email, he was contractually owed a six percent (6%) commission on the sale proceeds. However, Cottrell was never hired to market that specific parcel of land and never performed any work attributable to the sale of that property.

On March 11, 2013, Cottrell filed suit against Burton in Cause No. 13-000672-CV-272. (See Appendix #2)

On April 10, 2013, Burton filed their Original Answer and Counterclaim against Cottrell. (See Appendix #3)

On January 24, 2014, after conducting considerable discovery, Burton filed their Motion For Summary Judgment. (See Appendix #4)

On March 17, 2014, Cottrell filed his Cross-Motion for Partial Summary Judgment. (See Appendix #5)

On April 22, 2014, Burton filed their Response to Plaintiff's Cross-Motion for Partial Summary Judgment. (See Appendix #6)

On April 29, 2014, Burton's and Cottrell's motions for summary judgment were heard by the Trial Court.

On June 26, 2014, the Trial Court denied Burton's Motion for Summary Judgment and granted Cottrell's Cross-Motion for Partial Summary Judgment. The Trial Court awarded Cottrell $50,015.15 in damages. (See Appendix #7)

On November 17, 2014, after conducting a bench trial on the matter of attorney's fees, the Trial Court, by Final Judgment, awarded Cottrell $23,150.00 in attorney's fees. (See Appendix #8)

On December 16, 2014, Burton filed their Notice of Appeal.

## **SUMMARY OF ARGUMENT**

The Trial Court **erred** in ruling that Cottrell was entitled to a real estate commission on the sale of the RaceTrac property.

Burton were entitled to summary judgment, because the writing on which Cottrell contends he is owed a commission did not satisfy the statute of frauds, as required by the RELA and the Texas Occupations Code

6

§1101.806( c).  Further, Cottrell was not entitled to a commission based on partial performance, as an exception to the statute of frauds.  Burton demonstrated in their Motion for Summary Judgment that Cottrell's claimed commission did not strictly comply with the RELA by failing to satisfy the statute of frauds, in that it did not either itself, or by reference to some other existing writing, identify with reasonable certainty the land to be conveyed.  The only reference to the property, as stated in the Email is "our property located at WJ Bryan, Villa Maria and Nash."  This identification of the property is insufficient.  Inasmuch as Burton owned several tracts of land in the area of WJ Bryan, Villa Maria and Nash streets, intended for different uses, the language used in the email does not describe the property with reasonable certainty and as such failed to strictly comply with the RELA.

In order for the Trial Court to award Cottrell a commission, Cottrell had the burden to demonstrate that no genuine issues of material fact existed as to the required elements of compliance with Texas law regarding the payment of real estate commissions and that he was entitled to judgment as a matter of law. *Nixon v. Mr. Prop. Mgmt. Co.,* 690 S.W.2d 546 (Tex. 1985).  In order to defeat Cottrell's Motion for Partial Summary Judgment, Burton were required to present sufficient evidence to raise a genuine issue of fact on

7

each challenged element of their claims. Burton provided the Trial Court sufficient evidence that raised genuine issues of material fact regarding the elements required to be proven by Cottrell.

## ARGUMENT AND AUTHORITIES

**A.** **The Trial court erred in denying Burton's Motion for Summary Judgment.**

**B.** **The Trial court erred in granting Cottrell's Cross-Motion for Partial Summary Judgment.**

The trial court **erred** in denying Burton's Motion for Summary Judgment and awarding Cottrell a real estate commission on the sale of the RaceTrac property. Burton proved as a matter of law that no genuine issue of material fact existed regarding its affirmative defense of the statute of frauds as applied to Cottrell's claim. Burton were required to prove that the Email, the alleged contract upon which Cottrell's claims are based, did not either in the Email itself or by reference to another writing then in existence, identify with reasonable certainty the land to be conveyed. Burton did prove as a matter of law that no genuine issue of material fact existed regarding its affirmative defense of the statute of frauds as to Cottrell's claim.

Burton were entitled to summary judgment, because the writing on which Cottrell contends he is owed a real estate commission did not satisfy

8

the statute of frauds, as required by RELA and the Texas Occupations Code §1101.806( c) and Cottrell was not entitled to a commission based on partial performance, as an exception to the statute of frauds. Burton demonstrated in their Motion for Summary Judgment that Cottrell's claimed commission did not strictly comply with RELA and failed to satisfy the statute of frauds, in that it did not either itself, or by reference to some other existing writing, identify with reasonable certainty the land to be conveyed. The only reference to the property, as stated in the email is "our property located at WJ Bryan, Villa Maria and Nash." This identification of the property is insufficient. As stated in *Tex. Builders v. Keller*, 928 S.W.2d 479 (Tex. 1996), "while a metes and bounds description is not necessary, the writing must furnish the data to identify the property with reasonable certainty." In *Lathem v. Kruse*, 290 S.W.3d 922 (Tex. App.-Dallas 2009, no pet.), the court explained "strict compliance" with RELA is required. In *Lathem,* the issue of identification of the property with reasonable certainty was discussed and the facts of that case stated that the contemplated deal sheet described the property as "those particular apartment communities commonly known as Harbortree, Balboa, Capital Estates, Wisteria Gardens, Oaks of Brittany, Kensington Club I&II, Stonehaven at the Galleria and Fondren Court." No other location or address

9

was given. Further, just as in the instant case, no reference is made to any other existing writing that further describes or identifies the property. In *Lathem*, the court questioned whether or not this type of description complies with "reasonable certainty". Inasmuch as Burton owned several tracts of land in the geographic area of WJ Bryan, Villa Maria and Nash streets, intended for different uses, the language used in the email does not describe the property with reasonable certainty and as such failed to strictly comply with the RELA as it pertained to the RaceTrac property. The RaceTrac property is several blocks from Villia Maria Road, in fact.

The RELA, is an exercise of the police power of the State of Texas to regulate a private business which affects the public interest. *Hall v. Hard*, 160 Tex. 565 (1960). As part of that regulation, the Legislature has seen fit to regulate real estate licensees by codifying a statute of frauds, in order to prevent fraud in real estate commission agreements. Our courts require strict compliance with the terms of the RELA, if a broker is to use the courts for recovery of his fees or charges for his services. Id., at 572. Thus, Cottrell, in order to collect his alleged fees, must strictly comply with the provisions of RELA, including the required statute of frauds.

The validity of a writing is determined at the time the buyer is procured.

*Frady v. May*, 23 S.W.3d 558, 562 (Tex. App.—Fort Worth 2000, pet denied). The writing upon which Cottrell's claim is based is dated December 14, 2011. Cottrell testified that he procured the buyer in 2009 or 2010. See Appendix # 6. Cottrell could not have relied on the alleged agreement at a time when it did not exist. Also, had Cottrell procured a buyer for the RaceTrac property, prior to the existence of the Email, why did he not secure additional assurances and/or an actual contract confirming the right to a future sale of and real estate commission for the RaceTrac property. Only one conclusion can be drawn from the facts: the parties never contemplated or agreed Cottrell was to receive a real estate commission on the RaceTrac property.

Further, Cottrell, undoubtedly understanding that he failed to strictly comply with the RELA, resorted to attempting to rely on the theory of partial performance in an effort to circumvent the strict compliance standard of the statute of frauds. However, there are certain requirements which must be proven in order to recover under that theory as well. As with the statute of frauds, strict compliance with these requirements is also necessary to prevent the exception from destroying the codified statute of frauds requirements. In order to correctly apply the partial performance exception to the statute of frauds, there must be strong evidence establishing the existence of an

agreement and its terms. *Carmack v. Beltway Development Co.*, 701 S.W.2d 37, 40 (Tex. App.—Dallas 1985, no writ). In the instant case, there is no strong evidence that established the existence of any agreement and or its terms. The evidence in this case shows just the opposite. The Email, that Cottrell claims is a contract, only discusses the Apartment land. However, as evidenced herein even that description does not adequately identify the property. The Email relied on by Cottrell fails to set forth the essential terms of the alleged contract. In *Landis v. W. H. Fuqua, Inc.,* 159 S.W.2d 228, 231 (Tex. App.—Amarillo 1942, writ ref'd), a broker's full performance alone is not sufficient to take a commission agreement out of the statute of frauds, because such a construction would nullify the statute. Additionally, a party acting in reliance on the alleged contract must suffer a substantial detriment for which he has no adequate remedy. *Exxon Corp. v. Breezevale, Ltd.*, 82 S.W.3d 429, 439 (Tex. App.—Dallas 2002, pet. denied). Here, Cottrell did not demonstrate that it suffered any detriment. Further, there must be affirmative corroboration by both parties of any missing contested terms. *Lathem v. Kruse*, 290 S.W.3d 922, 928 (Tex. App.—Dallas 2009, no pet.). The evidence in the instant case does not corroborate any of the missing terms. Instead it is evident that the offer of a commission contemplated the sale of the

12

Apartment land, and not the RaceTrac property. The case law is clear that if both parties do not affirmatively corroborate the same missing term(s), then there can be no contract or agreement. Partial performance, if any, must be unequivocally referable to the agreement and corroborative of the fact that a contract was actually made. *Hairston v. Southern Methodist Univ.*, 2013 WL 1803549 (Tex. App.—Dallas 2013, pet. denied). Partial performance must be such as could have been done with no other design than to fulfill the particular agreement sought to be enforced. Without such precision, the acts of performance do not tend to prove the existence of the parol agreement sought to be enforced. Here, the performance, if any, of Cottrell could have been done with a design to make the Apartment land (or another part of the development) more attractive to a developer, and thus was not unequivocally referable to the alleged agreement, nor was it corroborative of the fact that the parties intended to enter a contract for the RaceTrac property. "The relevant issue is not whether there is evidence that the performance could be referable to the contract which a party is trying to enforce; rather, it is whether there is evidence that the performance is solely referable to the contract." citing *Breezevale*, 82 S.W.3d at 439-40.

Finally, even if partial performance could be proven, only reliance

13

damages are available. Lost profits or other contractual damages are not available. *Magcobar N. American, v. Grasso Oilfield Svcs.,* 736 S.W.2d 787, 796 (Tex. App-Corpus Christi 1987, pet. denied). Cottrell provided no proof to the Court that it suffered any reliance damages, only that he is entitled to the full bargain of the alleged contract, a full six percent (6%) commission for the sale of the RaceTrac property. The case law is clear that a party is not entitled to lost profits, i.e. the full commission, and as such, Cottrell is not entitled to the commission based on his claimed partial performance theory.

The trial court **erred** in granting Cottrell's Motion for Partial Summary Judgment. Cottrell was required to prove as a matter of law, that no genuine issues of material fact existed relative to each element of the RELA's statute of frauds, and the elements of partial performance. In the event this Court does not believe that Burton proved its affirmative defense as a matter of law and is not entitled to judgment, this case should be remanded back to the Trial Court because the evidence is clear that Cottrell failed to carry his burden to prove all elements of his cause(s) of action as a matter of law and that no genuine issue of material facts exist. This Court is required to review the grant of a summary judgment de novo. *Gen. Mills Rests., Inc. v. Texas Wings, Inc.*, 12 S.W.3d 827 (Tex.App.-Dallas 2000, no pet.). To defeat

14

Cottrell's Motion for Partial Summary Judgment, Burton were required to present sufficient evidence to raise a genuine issue of material fact on each challenged element of Cottrell's claims. Burton did that in this case and as such the Trial Court erred in granting Cottrell's summary judgment motion.

### PRAYER

Burton pray that this Court of Appeals reverse and render regarding the decision of the Trial Court that Burton owe a real estate commission in the amount of $50,015.15 and attorney's fees of $23,150.00. Alternatively, Burton pray that this Court of Appeals reverse and remand the decision of the Trial Court and send this case back to the Trial Court so that all issues may be ultimately determined by a fact finder.

Respectfully submitted,

HOELSCHER, LIPSEY, ELMORE & POOLE, P.C.


By:    _____/s/ Heath C. Poole _____
HEATH C. POOLE
SBN No. 24027627
1021 UNIVERSITY DRIVE
COLLEGE STATION, TEXAS 77840
TELEPHONE: 979-846-4726
FACSIMILE: 979-846-4725

ATTORNEYS FOR APPELLANTS

15

## CERTIFICATE OF COMPLIANCE

I hereby certify that this document contains 3,527 words. I have relied upon the word count of my computer program being used to prepare the document. This document further complies in that it is prepared in 14-point font.

\_\_\_\_\_/s/ Heath C. Poole \_\_\_\_\_
HEATH C. POOLE

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Brief of Appellants has been delivered to the attorney of record for Cottrell, Mr. Robert G. Bailey, Robert G. Bailey, P.C., 3306 Sul Ross, Houston, Texas 77098.

\_\_\_\_\_/s/ Heath C. Poole \_\_\_\_\_
HEATH C. POOLE

# APPENDIX

1. Email that is the basis of the litigation;

2. Plaintiff's Original Petition;

3. Defendant's Original Answer and Counterclaim;

4. Defendant's Motion for Summary Judgment;

5. Plaintiff's Cross-Motion for Partial Summary Judgment;

6. Defendants' Response to Plaintiff's Cross Motion for Partial Summary Judgment;

7. Order Granting Plaintiff's Cross-Motion for Partial Summary Judgment; and

8. Final Judgment.

| | |
|---|---|
| **From:** | Paul Leventis [paul@brazostrace.com] |
| **Sent:** | Wednesday, December 14, 2011 10:35 PM |
| **To:** | 'Paul Leventis'; David Cottrell |
| **Cc:** | jenny@jennyblack.com; 'nell@finerhomesonline.com'; 'Bill Kotlan' |
| **Subject:** | RE: Land for Sale Nash and WJBryan |

David,

As a clarification, the 6% commission will cover your commission of %3 and a %3 commission to the buyer agent that is bringing the group out of Dallas. Please confirm that this is correct so there is no misunderstanding.

Thanks,
Paul

**From:** Paul Leventis [mailto:paul@brazostrace.com]
**Sent:** Wednesday, December 14, 2011 7:22 AM
**To:** 'David Cottrell'
**Cc:** '<jenny@jennyblack.com>'; 'nell@finerhomesonline.com'; 'Bill Kotlan'
**Subject:** Land for Sale Nash and WJBryan

David,

Per our conversation yesterday, Burton Creek Development will pay you a %6 commission for any buyer that you bring to the table who closes on our property located at WJ Bryan, Villa Maria and Nash. Please note, we have a group who is willing to buy our apartment land at $7/sf, therefore, the amount for your buyer would need to be $7.45/sf to cover your 6% commission.

We can talk about the other tracts and pricing when we meet later this week.

Thanks,

Paul

1

**Filed**
**13 March 11 P3:21**
**Marc Hamlin**
**District Clerk**
**Brazos County**
**Krystal Hawk**

No. 13-000672-CV-272

| | | |
|---|---|---|
| DAVID COTTRELL | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | BRAZOS COUNTY, TEXAS |
| | § | |
| BURTON CREEK DEVELOPMENT, LTD., | § | |
| BURTON CREEK MANAGEMENT, LLC | § | |
| AND BRAZOS TRACE, LLC | § | _____ JUDICIAL DISTRICT |

**PLAINTIFF'S ORIGINAL PETITION,**
**REQUEST FOR DISCLOSURE AND**
**REQUEST FOR PRODUCTION OF DOCUMENTS**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, David Cottrell, Plaintiff, complaining of Burton Creek Development, Ltd.,

Burton Creek Management, LLC and Brazos Trace, LLC, Defendants, and as grounds therefor would

show the Court as follows:

I.

1.1 Discovery is intended to be conducted under Level 1 of Rule 190, Texas Rules of Civil

Procedure.

II.

2.1 David Cottrell ("Cottrell"), Plaintiff, is an individual residing in Harris County, Texas.

2.2 Burton Creek Development, Ltd. ("Development"), a Defendant, is a limited partnership

and has its principal place of business in Brazos County, Texas. It may be served with process by

serving its registered agent, Paul J. Leventis, at 1722 Broadmoor Dr., Suite 212, Bryan, Texas 77802.

2.3 Burton Creek Management, LLC ("Management"), a Defendant, is a limited liability

company and has its principal place of business in Brazos County, Texas. It is the general partner

of Development. It may be served with process by serving its registered agent, Paul J. Leventis, at

1722 Broadmoor Dr., Suite 212, Bryan, Texas 77802.

2.4 Brazos Trace, LLC ("Brazos Trace"), a Defendant, is a limited liability company and has its principal place of business in Brazos County, Texas. It may be served with process by serving its registered agent, Paul J. Leventis, at 1722 Broadmoor Dr., Suite 212, Bryan, Texas 77802.

III.

3.1 Venue is proper in Brazos County, Texas, because Brazos County is the county in which all or a substantial part of the events or omissions giving rise to the claims asserted herein occurred.

3.2 Venue is proper in Brazos County, Texas as to each Defendant, because Brazos County is the county in which each Defendant has its principal office in this state and each Defendant is not a natural person.

3.3 Venue is proper in Brazos County, Texas, as to all of the Defendants, because (a) all of the claims asserted herein arise out of the same transaction, occurrence, or series of transactions or occurrences and (b) Cottrell has established proper venue against one or more of the Defendants.

IV.

4.1 Cottrell is a real estate broker licensed by and in good standing with the Texas Real Estate Commission.

4.2 Brazos Trace entered into a written contract (the "Contract") in writing with Cottrell, by which Cottrell was engaged to assist in selling a tract of land (the "Property") owned by Development and located in Bryan, Texas. A true and correct copy of the Contract is attached hereto as Exhibit A. A detailed legal description and partial plat of a survey of the Property are set forth in Exhibit B, attached hereto. Under the Contract, it was agreed that Cottrell would be paid a commission of 6% if he brokered a sale of the Property.

4.3 Cottrell was contacted by representatives of RaceTrac Petroleum, Inc., who expressed

2

interest in purchasing the Property. Cottrell introduced them to Defendants. Development entered into a contract to sell the Property to Del Lago Ventures, Inc. or some other affiliate of RaceTrac Petroleum, Inc. Development and then sold the Property to that entity.

4.4 Cottrell has fully performed his obligations under the Contract by bringing a buyer, RaceTrac or an affiliate thereof, of the Property to Development. Development knowingly accepted Cottrell's services by selling the Property to RaceTrac or its affiliate. It received the benefits of the sale that had been arranged by Cottrell, namely, the sales price.

4.5 Cottrell has made demand on Defendants for payment of his commission, believed to be $42,000.00, but they have failed and refused to do so.

V.

5.1 Brazos Trace made the Contract with Cottrell as agent for Development. In doing so it acted within the course and scope of the authority granted to it by Development, whether actual or apparent. Development has breached the Contract made on its behalf by Brazos Trace by failing to pay Cottrell the 6% commission that he earned for enabling Development to sell the Property to RaceTrac. As a result of Development's breach of the Contract, Cottrell has been damaged the sum of $42,000.00, for which Cottrell now sues Development.

5.2 Management is the general partner of Development and, as such, is jointly and severally liable with it for Development's breach of the Contract.

VI.

6.1 In the alternative, if Brazos Trace exceeded its authority, actual or apparent, by entering into the Contract on behalf of Development, then Brazos Trace is liable to Cottrell for its breach of the Contract, for which Cottrell now sues Brazos Trace.

3

## VII.

7.1 All conditions precedent to the right of Cottrell to recover the relief requested herein have occurred or have been satisfied.

## VIII.

8.1 Cottrell is entitled to recover a reasonable attorney's fee pursuant to Ch. 38, Texas Civil Practice and Remedies Code.

## IX.
## REQUEST FOR DISCLOSURE

Pursuant to Rule 194, each Defendant is requested to disclose, within 50 days of service of this request, the following information or materials:

(a)     the correct names of the parties to the lawsuit;

(b)     the name, address, and telephone number of any potential parties;

(c)     the legal theories and, in general, the factual bases of the responding party's claims or defenses (the responding party need not marshal all evidence that may be offered at trial);

(d)     the amount and any method of calculating economic damages;

(e)     the name, address, and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case;

(f)     for any testifying expert:

    (1)     the expert's name, address, and telephone number;

    (2)     the subject matter on which the expert will testify;

    (3)     the general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, or if the expert is not retained by, employed by, or otherwise subject to the control of the responding party, documents reflecting such information;

4

(4)    if the expert is retained by, employed by, or otherwise subject to the control of the responding party:

    (A)    all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and

    (B)    the expert's current resume and bibliography;

(g)    any indemnity and insuring agreements described in Rule 192.3(f);

(h)    any settlement agreements described in Rule 192.3(g);

(i)    any witness statements described in Rule 192.3(h); and

(l)    the name, address, and telephone number of any person who may be designated as a responsible third party.

## X.
## REQUEST FOR PRODUCTION OF DOCUMENTS

Each Defendant is requested to respond to the following Request for Production within the time and in the manner required by Rule 196, *Tex. R. Civ. Pro.*, and is requested to produce the requested documents at 10:00 a.m. on the 50th day after service, which production shall be at the offices of Robert G. Bailey, P.C., 3306 Sul Ross, Houston, Texas 77098 or at such other time and place as may be mutually agreed in writing by the parties:

1. All statements which are discoverable pursuant to Rule 192.3(h), *Tex. R. Civ. Pro.*

RESPONSE:

2. All documents, tangible things, reports, models, or data compilations that have been provided to, or reviewed by, or prepared by or for all testifying experts and all consulting experts whose opinions, mental impressions or work product were reviewed by a testifying expert and the expert's current resume and bibliography.

RESPONSE:
3. The contracts or other documents setting forth the scope of engagement of each testifying expert and all consulting experts whose opinions, mental impressions or work product were reviewed

5

by a testifying expert and all invoices you received from each such experts.

RESPONSE:

4. The settlement statement for your sale of the Property described in Exhibit B, attached hereto..

RESPONSE:

5. All written communications, including emails, and including enclosures and attachments, between you and the other parties to this suit regarding your efforts to sell the Property described in Exhibit B, attached hereto..

RESPONSE:

WHEREFORE, PREMISES CONSIDERED, Cottrell prays that the Defenants be cited to appear and answer herein and, upon final trial hereof, Cottrell have and recover judgment against Development and Management, jointly and severally, for actual damages of $42,000.00, attorney's fees, pre- and post-judgment interest and costs of suit. In the alternative, Cottrell prays for judgment against Brazos Trace for actual damages of $42,000.00, attorney's fees, pre- and post-judgment interest and costs of suit. Cottrell prays for such other and further relief to which he may be justly entitled.

Respectfully submitted,

ROBERT G. BAILEY, P.C.

/S/ ROBERT G. BAILEY

By:_____
        Robert G. Bailey
        State Bar No. 01536200
        3306 Sul Ross
        Houston, Texas 77098
        Land: 832-485-1338
        Cell: 713-819-5534
        Fax: 713-630-0017
        Email: rbailey@robertbaileypc.com

ATTORNEY FOR PLAINTIFF

6

| | |
|---|---|
| From: | Paul Leventis [paull@brazostrace.com] |
| Sent: | Wednesday, December 14, 2011 10:35 PM |
| To: | 'Paul Leventis'; David Cottrell |
| Cc: | jenny@jennyblack.com; 'neil@finerhomesonline.com'; 'Bill Kotlan' |
| Subject: | RE: Land for Sale Nash and WJBryan |

David,

As a clarification, the 6% commission will cover your commission of %3 and a %3 commission to the buyer agent that is bringing the group out of Dallas. Please confirm that this is correct so there is no misunderstanding.

Thanks,
Paul

**From:** Paul Leventis [mailto:paull@brazostrace.com]
**Sent:** Wednesday, December 14, 2011 7:22 AM
**To:** 'David Cottrell'
**Cc:** '<jenny@jennyblack.com>'; 'neil@finerhomesonline.com'; 'Bill Kotlan'
**Subject:** Land for Sale Nash and WJBryan

David,

Per our conversation yesterday, Burton Creek Development will pay you a %6 commission for any buyer that you bring to the table who closes on our property located at WJ Bryan, Villa Maria and Nash. Please note, we have a group who is willing to buy our apartment land at $7/sf, therefore, the amount for your buyer would need to be $7.45/sf to cover your 6% commission.

We can talk about the other tracts and pricing when we meet later this week.

Thanks,

Paul
=

# EXHIBIT A

## Legal Description of Contract Property

**Seller:**          **Brazos Trace, LLC**

**Purchaser:**       **Del Lago Ventures, Inc.**

**Contract Property location:**       **SWC William J Bryan Pkwy & Nash Road**
**Bryan, TX**

LEGAL DESCRIPTION:
A PARCEL OF LAND SITUATED IN THE CITY OF BRYAN, TEXAS. MORE PARTICULARLY DESCRIBED AS FOLLOWS:

BEGINNING AT THE INTERSECTION OF THE WESTERLY RIGHT OF WAY OF NASH DRIVE AND THE SOUTHERLY RIGHT OF WAY OF E WILLIAM J BRYAN PARKWAY; THENCE CONTINUE ALONG SAID SOUTHERLY RIGHT OF WAY S 82°19'45" W A DISTANCE OF 40.18' TO A POINT; THENCE S 82°38'21" W A DISTANCE OF 202.15' TO A POINT; THENCE ALONG A CURVE YO THE RIGHT HAVING AN ARC LENGTH OF 21.81', A RADIUS OF 766.20', SUBTENDED BY A CHORD BEARING AND DISTANCE OF S 83°03'35" W, 21.81' TO A POINT; THENCE DEPARTING SAID SOUTHERLY RIGHT OF WAY S 07°21'39" E A DISTANCE OF 259.67' TO A POINT; THENCE N 82°38'21" E A DISTANCE OF 282.69' TO A POINT ON THE WESTERLY RIGHT OF WAY OF NASH DRIVE; THENCE ALONG SAID WESTERLY RIGHT OF WAY FOLLOWING A CURVE TO THE LEFT HAVING AN ARC LENGTH OF 117.36', A RADIUS OF 535.00', SUBTENDED BY A CHORD BEARING AND DISTANCE OF N 01°22'44" W, 117.13' TO A POINT; THENCE N 07°39'48" W A DISTANCE OF 113.39' TO A POINT; THENCE N 52°39'48" W A DISTANCE OF 42.43' TO THE POINT OF BEGINNING. CONTAINING 77,577 SQUARE FEET OR 1.781 ACRES MORE OR LESS.



# EXHIBIT B

# CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY)*: 13-0001672-CV COURT *(FOR CLERK USE ONLY)*: 02-72

STYLED  David Cottrell vs. Burton Creek Development, Ltd., et al.

*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing. This sheet, approved by the Texas Judicial Council, is intended to collect information that will be used for statistical purposes only. It neither replaces nor supplements the filings or service of pleading or other documents as required by law or rule. The sheet does not constitute a discovery request, response, or supplementation, and it is not admissible at trial.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| **Name:** Robert G. Bailey  **Email:** rbailey@robertbaileypc.com | **Plaintiff(s)/Petitioner(s):** David Cottrell | ☐ Attorney for Plaintiff/Petitioner ☐ *Pro Se* Plaintiff/Petitioner ☐ Title IV-D Agency ☐ Other: _____ |
| **Address:** 3306 Sul Ross  **Telephone:** 832-485-1338 | | Additional Parties in Child Support Case: |
| **City/State/Zip:** Houston, TX 77098  **Fax:** 713-630-0017 | **Defendant(s)/Respondent(s):** Burton Creek Development, Ltd. Burton Creek Management, LLC Brazos Trace, LLC | Custodial Parent: Non-Custodial Parent: |
| **Signature:** /s/ ROBERT G. BAILEY  **State Bar No:** 01536200 | [Attach additional page as necessary to list all parties] | Presumed Father: |

**2. Indicate case type, or identify the most important issue in the case (select only 1):**

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract* ☐ Consumer/DTPA ☒ Debt/Contract ☐ Fraud/Misrepresentation ☐ Other Debt/Contract: ____ | ☐ Assault/Battery ☐ Construction ☐ Defamation *Malpractice* ☐ Accounting ☐ Legal ☐ Medical ☐ Other Professional Liability: | ☐ Eminent Domain/ Condemnation ☐ Partition ☐ Quiet Title ☐ Trespass to Try Title ☐ Other Property: ____ | ☐ Annulment ☐ Declare Marriage Void *Divorce* ☐ With Children ☐ No Children | ☐ Enforcement ☐ Modification—Custody ☐ Modification—Other |
| *Foreclosure* ☐ Home Equity—Expedited ☐ Other Foreclosure ☐ Franchise ☐ Insurance ☐ Landlord/Tenant ☐ Non-Competition ☐ Partnership ☐ Other Contract: ____ | ☐ Motor Vehicle Accident ☐ Premises *Product Liability* ☐ Asbestos/Silica ☐ Other Product Liability List Product: ____ ☐ Other Injury or Damage: ____ | **Related to Criminal Matters** ☐ Expunction ☐ Judgment Nisi ☐ Non-Disclosure ☐ Seizure/Forfeiture ☐ Writ of Habeas Corpus— Pre-indictment ☐ Other: ____ | **Title IV-D** ☐ Enforcement/Modification ☐ Paternity ☐ Reciprocals (UIFSA) ☐ Support Order  **Other Family Law** ☐ Enforce Foreign Judgment ☐ Habeas Corpus ☐ Name Change ☐ Protective Order ☐ Removal of Disabilities of Minority ☐ Other: ____ | **Parent-Child Relationship** ☐ Adoption/Adoption with Termination ☐ Child Protection ☐ Child Support ☐ Custody or Visitation ☐ Gestational Parenting ☐ Grandparent Access ☐ Parentage/Paternity ☐ Termination of Parental Rights ☐ Other Parent-Child: ____ |
| **Employment** ☐ Discrimination ☐ Retaliation ☐ Termination ☐ Workers' Compensation ☐ Other Employment: ____ | **Other Civil** ☐ Administrative Appeal ☐ Antitrust/Unfair Competition ☐ Code Violations ☐ Foreign Judgment ☐ Intellectual Property | ☐ Lawyer Discipline ☐ Perpetuate Testimony ☐ Securities/Stock ☐ Tortious Interference ☐ Other: ____ | | |
| **Tax** | **Probate & Mental Health** | | | |
| ☐ Tax Appraisal ☐ Tax Delinquency ☐ Other Tax | *Probate/Wills/Intestate Administration* ☐ Dependent Administration ☐ Independent Administration ☐ Other Estate Proceedings | ☐ Guardianship—Adult ☐ Guardianship—Minor ☐ Mental Health ☐ Other: ____ | | |

**3. Indicate procedure or remedy, if applicable (may select more than 1):**

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court ☐ Arbitration-related ☐ Attachment ☐ Bill of Review ☐ Certiorari ☐ Class Action | ☐ Declaratory Judgment ☐ Garnishment ☐ Interpleader ☐ License ☐ Mandamus ☐ Post-judgment | ☐ Prejudgment Remedy ☐ Protective Order ☐ Receiver ☐ Sequestration ☐ Temporary Restraining Order/Injunction ☐ Turnover |

Brazos Trace, LLC Delivery Method: Local Sheriffs Fee Address: Paul J. Leventis, Registered AGent

1722 Broadmoor Dr., Suite 212

Bryan, TX 77802 Name: Burton Creek Development, Ltd. Delivery Method: Local Sheriffs Fee Address:

Paul J. Leventis, Registered AGent

1722 Broadmoor Dr., Suite 212

Bryan, TX 77802 Name: Burton Creek Management, LLC Delivery Method: Local Sheriffs Fee Address:

Paul J. Leventis, Registered AGent

1722 Broadmoor Dr., Suite 212

Bryan, TX 77802

DC
At 3:21 o'clock P M
FILED
MAR 1 1 2013
MARC HAMLIN, DIST CLERK
Brazos County Texas
By_____ Deputy

CLERK OF THE COURT
Marc Hamlin
300 East 26th Street, Suite 216
Bryan, TX  77803

**ATTORNEY FOR PLAINTIFF**
**BAILEY, ROBERT**
**3306 SUL ROSS**
**HOUSTON, TX 77098**

THE STATE OF TEXAS          **CITATION**

NOTICE TO THE DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO **Burton Creek Management, LLC who may be served through registered agent Paul J. Leventis at 1722 Broadmoor Dr., Suite 212, Bryan, Tx 77802** Defendant,

Greeting:

You are hereby commanded to appear by filing a written answer to the **Plaintiff's Original Petition** at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **272nd District Court** of Brazos County, Texas at the Courthouse of said County in Bryan, Texas.  Said Petition was filed on the **11th** day of **March** A.D. 2013, in the case, numbered **13-000672-CV-272** on the docket of said court, and styled,

**David Cottrell** Plaintiff

VS.

**Burton Creek Development, LTD., Burton Creek Management, LLC and Brazos Trace, LLC**
Defendant

The nature of Plaintiff's demand is fully shown by a true and correct copy of **Plaintiff's Original Petition** accompanying this citation and made a part thereof.

The officer executing the writ shall promptly serve the same according to requirements of the law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and sealed of said Court at office, this the **15th** day of **March, 2013**

**Marc Hamlin**
**Clerk of Brazos County, Texas**

By_____Deputy

**OFFICER'S RETURN**

Came to hand on the _____ day of _____, 20____, at _____ o'clock____.M.

Executed at _____, within the County of _____ at _____ o'clock ____.M.

on the _____ day of _____, 20___, by delivering to the within named_____

_____each,

in person, a true copy of this citation together with the accompanying copy of the petition, having first attached such

copy of such petition to such copy of citation and endorsed on such copy of citation the date of delivery.

Total fee for serving this citation_____

To certify which witness my hand officially.

Sheriff Account

No._____

For Clerk's Use

Taxed_____
Returned Record_____

Sheriff of _____County, Texas
By _____Deputy

CLERK OF THE COURT
  Marc Hamlin
  300 East 26th Street, Suite 216
  Bryan, TX  77803

**ATTORNEY FOR PLAINTIFF**
**BAILEY, ROBERT**
**3306 SUL ROSS**
**HOUSTON, TX 77098**

THE STATE OF TEXAS          **CITATION**

NOTICE TO THE DEFENDANT: "You have been sued You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO **Burton Creek Development, Ltd. who may be served through registered agent Paul J. Leventis at 1722 Broadmoor Dr., Suite 212, Bryan, Tx 77802** Defendant,
Greeting:

　　　　You are hereby commanded to appear by filing a written answer to the **Plaintiff's Original Petition** at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **272nd District Court** of Brazos County, Texas at the Courthouse of said County in Bryan, Texas.  Said Petition was filed on the **11th** day of **March** A.D. 2013, in the case, numbered **13-000672-CV-272** on the docket of said court, and styled,

**David Cottrell** Plaintiff
VS.
**Burton Creek Development. LTD., Burton Creek Management. LLC and Brazos Trace, LLC**
Defendant

　　　　The nature of Plaintiff's demand is fully shown by a true and correct copy of **Plaintiff's Original Petition** accompanying this citation and made a part thereof.
　　　　The officer executing the writ shall promptly serve the same according to requirements of the law, and the mandates thereof, and make due return as the law directs.
　　　　Issued and given under my hand and sealed of said Court at office, this the **15th** day of **March, 2013**

Marc Hamlin
Clerk of Brazos County, Texas
By _____ Deputy

OFFICER'S RETURN

　　　　Came to hand on the _____ day of _____, 20____, at _____ o'clock____.M.
Executed at _____, within the County of _____ at _____ o'clock ___.M.
on the _____ day of _____, 20___, by delivering to the within named_____
_____each,
in person, a true copy of this citation together with the accompanying copy of the petition, having first attached such
copy of such petition to such copy of citation and endorsed on such copy of citation the date of delivery.
　　　　Total fee for serving this citation_____

　　　　　　　　　　　　　　　　　　　　　　　　Sheriff Account
To certify which witness my hand officially.
　　　　　　　　　　　　　　　　　　　　　　　　No._____

For Clerk's Use

Taxed_____
Returned Record_____

Sheriff of _____County, Texas
By _____Deputy

CLERK OF THE COURT
  Marc Hamlin
  300 East 26th Street, Suite 216
  Bryan, TX 77803

**ATTORNEY FOR PLAINTIFF**
**BAILEY, ROBERT**
**3306 SUL ROSS**
**HOUSTON, TX 77098**

THE STATE OF TEXAS    **CITATION**

NOTICE TO THE DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO **Brazos Trace, LLC who may be served through registered agent Paul J. Leventis at 1722 Broadmoor Dr., Suite 212, Bryan, Tx 77802** Defendant,
Greeting:

    You are hereby commanded to appear by filing a written answer to the **Plaintiff's Original Petition** at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **272nd District Court** of Brazos County, Texas at the Courthouse of said County in Bryan, Texas. Said Petition was filed on the **11th** day of **March** A.D. 2013, in the case, numbered **13-000672-CV-272** on the docket of said court, and styled,

**David Cottrell** Plaintiff
VS.
**Burton Creek Development, LTD., Burton Creek Management, LLC and Brazos Trace, LLC**
Defendant

    The nature of Plaintiff's demand is fully shown by a true and correct copy of **Plaintiff's Original Petition** accompanying this citation and made a part thereof.
    The officer executing the writ shall promptly serve the same according to requirements of the law, and the mandates thereof, and make due return as the law directs.
    Issued and given under my hand and sealed of said Court at office, this the **15th** day of **March, 2013**

**Marc Hamlin**
**Clerk of Brazos County, Texas**

By _____ Deputy

**OFFICER'S RETURN**

    Came to hand on the _____ day of _____, 20___, at _____ o'clock ____.M.
Executed at _____, within the County of _____ at _____ o'clock
___.M.
on the _____ day of _____, 20___, by delivering to the within
named_____
_____ each,
in person, a true copy of this citation together with the accompanying copy of the petition, having first attached such
copy of such petition to such copy of citation and endorsed on such copy of citation the date of delivery.
    Total fee for serving this citation_____

                           Sheriff Account

    To certify which witness my hand officially.
                           No._____

For Clerk's Use

Taxed_____
Returned Record_____

Sheriff of _____ County, Texas
By _____ Deputy

CLERK OF THE COURT
Marc Hamlin
300 East 26th Street, Suite 216
Bryan, TX 77803

ATTORNEY FOR PLAINTIFF
BAILEY, ROBERT
3306 SUL ROSS
HOUSTON, TX 77098

DC ☑ **FILED** A
At _____ o'clock _____ M
MAR 2 1 2013
MARC HAMLIN, DIST CLERK
Brazos County, Texas
By _____ Deputy

THE STATE OF TEXAS        **CITATION**

NOTICE TO THE DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO **Brazos Trace, LLC who may be served through registered agent Paul J. Leventis at 1722 Broadmoor Dr., Suite 212, Bryan, Tx 77802** Defendant,

Greeting:

You are hereby commanded to appear by filing a written answer to the **Plaintiff's Original Petition** at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **272nd District Court** of Brazos County, Texas at the Courthouse of said County in Bryan, Texas. Said Petition was filed on the **11th** day of **March** A.D. 2013, in the case, numbered **13-000672-CV-272** on the docket of said court, and styled,

**David Cottrell** Plaintiff
VS.
**Burton Creek Development, LTD., Burton Creek Management, LLC and Brazos Trace, LLC**
Defendant

The nature of Plaintiff's demand is fully shown by a true and correct copy of **Plaintiff's Original Petition** accompanying this citation and made a part thereof.

The officer executing the writ shall promptly serve the same according to requirements of the law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and sealed of said Court at office, this the **15th** day of **March, 2013**

Marc Hamlin
Clerk of Brazos County, Texas

By _____ Deputy

**OFFICER'S RETURN**

Came to hand on the **19** day of **March** 20**13** at **8** o'clock **A** .M. Executed at **1722 Broadmoor**, within the County of **Brazos** at **3:30** o'clock **P** .M. on the **19** day of **March**, 20**13** by delivering to the within named **Brazos Trace, LLC by serving Registered Agent Paul J. Leventis** each, in person, a true copy of this citation together with the accompanying copy of the petition, having first attached such copy of such petition to such copy of citation and endorsed on such copy of citation the date of delivery.

Total fee for serving this citation **70**

Sheriff Account

To certify which witness my hand officially.        No. _____

For Clerk's Use

Taxed _____
Returned Record _____

**Christopher C. Kirk, Sheriff**

Sheriff of _____ **Brazos** _____ County, Texas
By _____ Deputy

**Tammy Pollock**

CLERK OF THE COURT
  Marc Hamlin
  300 East 26th Street, Suite 216
  Bryan, TX 77803

ATTORNEY FOR PLAINTIFF
  BAILEY, ROBERT
  3306 SUL ROSS
  HOUSTON, TX 77098



DC **FILED**
o'clock ___ M
MAR 2 1 2013
MARC HAMLIN, DIST CLERK
Brazos County, Texas
By_____ Deputy

THE STATE OF TEXAS          **CITATION**

NOTICE TO THE DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO **Burton Creek Management, LLC who may be served through registered agent Paul J. Leventis at 1722 Broadmoor Dr., Suite 212, Bryan, Tx 77802** Defendant,

Greeting:

You are hereby commanded to appear by filing a written answer to the **Plaintiff's Original Petition** at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **272nd District Court** of Brazos County, Texas at the Courthouse of said County in Bryan, Texas. Said Petition was filed on the **11th** day of **March** A.D. 2013, in the case, numbered **13-000672-CV-272** on the docket of said court, and styled,

**David Cottrell** Plaintiff
VS.
**Burton Creek Development, LTD., Burton Creek Management, LLC and Brazos Trace, LLC**
Defendant

The nature of Plaintiff's demand is fully shown by a true and correct copy of **Plaintiff's Original Petition** accompanying this citation and made a part thereof.

The officer executing the writ shall promptly serve the same according to requirements of the law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and sealed of said Court at office, this the **15th** day of **March, 2013**

**Marc Hamlin**
**Clerk of Brazos County, Texas**

By _____ Deputy

**OFFICER'S RETURN**

Came to hand on the _19_ day of _March_ 20_13_ at _8_ o'clock _A_.M.
Executed at _1722 Broadmoor_, within the County of _Brazos_ at _330_ o'clock
_P_.M. on the _19_ day of _March_ 20_13_, by delivering to the within named _Burton Creek Management, LLC by serving Registered Agent Paul J. Leventis_ each, in person, a true copy of this citation together with the accompanying copy of the petition, having first attached such copy of such petition to such copy of citation and endorsed on such copy of citation the date of delivery.

Total fee for serving this citation _70_

Sheriff Account

To certify which witness my hand officially.

No. _____

For Clerk's Use

Taxed_____
Returned Record_____

**Christopher C. Kirk, Sheriff**

Sheriff of _____ **Brazos** _____ County, Texas
By _____ Deputy
**Tammy Pollock**

CLERK OF THE COURT
   Marc Hamlin
   300 East 26th Street, Suite 216
   Bryan, TX 77803

ATTORNEY FOR PLAINTIFF
**BAILEY, ROBERT**
**3306 SUL ROSS**
**HOUSTON, TX 77098**



THE STATE OF TEXAS      **CITATION**

NOTICE TO THE DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO **Burton Creek Development, Ltd. who may be served through registered agent Paul J. Leventis at 1722 Broadmoor Dr., Suite 212, Bryan, Tx 77802** Defendant,

Greeting:

     You are hereby commanded to appear by filing a written answer to the **Plaintiff's Original Petition** at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **272nd District Court** of Brazos County, Texas at the Courthouse of said County in Bryan, Texas. Said Petition was filed on the **11th** day of **March** A.D. 2013, in the case, numbered **13-000672-CV-272** on the docket of said court, and styled,

**David Cottrell** Plaintiff
VS.
**Burton Creek Development, LTD., Burton Creek Management, LLC and Brazos Trace, LLC**
Defendant

     The nature of Plaintiff's demand is fully shown by a true and correct copy of **Plaintiff's Original Petition** accompanying this citation and made a part thereof.

     The officer executing the writ shall promptly serve the same according to requirements of the law, and the mandates thereof, and make due return as the law directs.

     Issued and given under my hand and sealed of said Court at office, this the **15th** day of **March, 2013**

**Marc Hamlin**
**Clerk of Brazos County, Texas**

By _____ Deputy

**OFFICER'S RETURN**

Came to hand on the _19_ day of _March_, 20_13_, at _8_ o'clock _A_.M.
Executed at _1722 Broadmoor_, within the County of _Brazos_ at _330_ o'clock _P_.M.
on the _19_ day of _March_, 20_13_ by delivering to the within named _Burton Creek Development, Ltd by Serving Registered Agent Paul J. Leventis_ each, in person, a true copy of this citation together with the accompanying copy of the petition, having first attached such copy of such petition to such copy of citation and endorsed on such copy of citation the date of delivery.

     Total fee for serving this citation _70_

     To certify which witness my hand officially.

Sheriff Account

No._____

For Clerk's Use

Taxed_____
Returned Record_____

**Christopher C. Kirk, Sheriff**

Sheriff of _Brazos_ County, Texas
By _____ Deputy
**Tammy Pollock**

NO. 13-000672-CV-272

| | | |
|---|---|---|
| **DAVID COTTRELL** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **272D JUDICIAL DISTRICT** |
| | § | |
| **BURTON CREEK DEVELOPMENT,** | § | |
| **LTD., BURTON CREEK** | § | |
| **MANAGEMENT, LLC AND BRAZOS** | § | |
| **TRACE, LLC** | § | |
| **Defendants.** | § | **OF BRAZOS COUNTY, TEXAS** |

## DEFENDANTS' ORIGINAL ANSWER AND COUNTERCLAIM

**NOW COME** Defendants, Burton Creek Development, Ltd., Burton Creek Management, LLC and Brazos Trace, LLC, named Defendants in the above-entitled and numbered cause, and file this Original Answer and Counterclaim, and show the Court:

## PARTY IDENTIFICATION INFORMATION

Burton Creek Development, Ltd. has not been issued a driver's license. Burton Creek Development, Ltd. has not been issued a Social Security number.

Burton Creek Management, LLC has not been issued a driver's license. Burton Creek Management, LLC has not been issued a Social Security number.

Brazos Trace, LLC has not been issued a driver's license. Brazos Trace, LLC has not been issued a Social Security number.

## DISCOVERY CONTROL PLAN

1. Defendants/Counterclaimants, by their Counterclaim, seek other than monetary relief, and therefore this cause shall be governed by a Discovery Control Plan as described in Rule 190.3, Rules of Civil Procedure (Level Two).

## GENERAL DENIAL

2. Defendants deny each and every, all and singular, the allegations of Plaintiff's Petition, and demand strict proof of each of them as required by the laws of Texas.

## VERIFIED DENIALS

3. Conditions precedent to the filing of suit have not been satisfied as alleged. Specifically, Plaintiff has not made proper demand on Defendants.

4. The alleged contract which is the subject of the suit is without consideration.

5. Consideration for the alleged contract which is the subject of the suit has wholly or partially failed.

6. Notice and proof of the loss or claim were not given as alleged.

## AFFIRMATIVE DEFENSES

7. Plaintiff's recovery is barred because of failure of consideration.

8. Plaintiff's contract does not satisfy the requirements of Tex. Occ. Code § 1101.806, which is the applicable statute of frauds.

## DEFENDANTS' COUNTERCLAIMS

9. Defendants/Counterclaimants seek only monetary relief of $100,000.00 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees, within the jurisdictional limits of the Court, and demand judgment for all the other relief to which they deem themselves entitled.

## FACTS

10. Burton Creek Development, Ltd. is or was the owner of several parcels of real property in Bryan, in the general vicinity of East William Joel Bryan Parkway, East Villa Maria Road, Nash Street, and Broadmoor Drive.

11. During the period prior to December 14, 2011, Burton Creek Development, Ltd. had been in discussions regarding the possible sale of one parcel to a developer for the purpose of building apartments. During the course of the discussions regarding the apartment land, it was contemplated that Plaintiff David Cottrell was to bring a prospective buyer *of the apartment land* to Burton Creek Development, Ltd.

12. With respect to this prospective transaction, Burton Creek Development, Ltd. sent an email to David Cottrell which contemplated payment of a commission on the apartment land. It is plain from the language of the email that the subject matter was the apartment land, as the email notes that Cottrell's offer would have to exceed a previous offer by a specified amount in order to cover the commission. Furthermore, although the email contemplates payment of a commission, it does not adequately describe any parcel of land, and thus does not fulfill the requirements of the applicable statute of frauds. Therefore, Cottrell is not entitled to a commission.

13. The land which was actually sold was a nearby parcel of land, which was sold to Del Lago Ventures, Inc. David Cottrell was never hired to market the property which was sold, and never did any work in connection with the sale of that property. Thus Cottrell is not entitled to a commission.

14. There exists a genuine controversy between the parties herein that would be terminated by the granting of declaratory judgment. Defendants therefore request that declaratory judgment be entered as follows:

   a. That the alleged contract upon which Plaintiff's lawsuit is based is not a contract;

   b. That the alleged contract upon which Plaintiff's lawsuit is based does not

satisfy the applicable Statute of Frauds;

c. That the alleged contract upon which Plaintiff's lawsuit is based does not, either by itself or by reference to another writing then in existence, identify with reasonable certainty the land to be conveyed.

15. Pursuant to Section 37.009, Civil Practice and Remedies Code, request is made for all costs and reasonable and necessary attorney fees incurred by Defendants herein, including all fees necessary in the event of an appeal of this cause to the Court of Appeals and the Supreme Court of Texas, as the Court deems equitable and just.

## PRAYER

Defendants pray the Court, after notice and hearing or trial, enters judgment in favor of Defendants, awards Defendants the costs of court, attorney's fees, and such other and further relief as Defendants may be entitled to in law or in equity.

Respectfully submitted,

Peterson Law Group

By: _____
Christopher W. Peterson
Texas Bar No. 00797239
E. V. "Rusty" Adams III
Texas Bar No. 24045372
3608 E. 29th Street
Ste. 112
Bryan, Texas 77802
Tel. (979) 703-7014
Fax. (979) 703-7031
Attorney for Defendants
Burton Creek Development, Ltd., Burton Creek Management, LLC and Brazos Trace, LLC

| | | |
|---|---|---|
| DAVID COTTRELL<br>Plaintiff, | §<br>§<br>§ | IN THE DISTRICT COURT |
| V. | §<br>§ | 272D JUDICIAL DISTRICT |
| | § | |
| BURTON CREEK DEVELOPMENT,<br>LTD., BURTON CREEK<br>MANAGEMENT, LLC AND BRAZOS<br>TRACE, LLC<br>Defendants. | §<br>§<br>§<br>§<br>§<br>§ | OF BRAZOS COUNTY, TEXAS |

## VERIFICATION

BEFORE ME, the undersigned authority, personally appeared Paul Leventis, who being duly sworn, deposed as follows:

"My name is Paul Leventis. I am a managing member of Burton Creek Management, LLC, the general partner for Burton Creek Development, Ltd. and am a managing member of Brazos Trace, LLC. I am at least 18 years of age and of sound mind. I am personally acquainted with the facts alleged in Defendants' Verified Denials. I hereby swear that the statements in support of Defendants' Verified Denials are true and correct."



Paul Leventis, as Managing Member of Burton
Creek Management, LLC, the General Partner of
Burton Creek Development, Ltd. and as Managing
Member of Brazos Trace, LLC

**SUBSCRIBED AND SWORN TO BEFORE ME** on _April 10, 2013_, by Paul Leventis in the capacities shown above.

MARITZA PENA HOFFMAN
Notary Public, State of Texas
My Commission Expires
July 23, 2016

Notary Public, State of Texas

4837-7275-5731, v. 2

## CERTIFICATE OF SERVICE

I certify that on April 10, 2013 a true and correct copy of Defendants' Original Answer and Counterclaim was served by facsimile transmission on Robert G. Bailey at 713.630.0017.

_____

E. V. "Rusty" Adams III



NO. 13-000672-CV-272

| | | |
|---|---|---|
| DAVID COTTRELL | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| | § | |
| V. | § | 272D JUDICIAL DISTRICT |
| | § | |
| BURTON CREEK DEVELOPMENT, | § | |
| LTD., BURTON CREEK | § | |
| MANAGEMENT, LLC AND BRAZOS | § | |
| TRACE, LLC | § | |
| Defendants. | § | OF BRAZOS COUNTY, TEXAS |

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

### TO THE HONORABLE JUDGE OF SAID COURT:

**NOW COME** Defendants, Burton Creek Development, Ltd., Burton Creek Management, LLC and Brazos Trace, LLC, Movants herein, and request the Court to enter Summary Judgment in favor of Movants on the counterclaim and affirmative defenses set forth herein and against Plaintiff David Cottrell (hereinafter Non-Movant), and in support thereof, show the Court the following:

I.

There are no genuine issues of material fact in this case; therefore, the Court may decide this case on the summary judgment evidence attached to this motion, which evidence is incorporated herein by reference.

II.

A.    Movants filed a counterclaim against Non-Movant seeking a declaratory judgment declaring that:

a.   The alleged contract upon which Plaintiff's lawsuit is based is not a contract;

b.   The alleged contract upon which Plaintiff's lawsuit is based does not satisfy

the Statute of Frauds; and

c. The alleged contract upon which Plaintiff's lawsuit is based does not, either by itself or by reference to another writing then in existence, identify with reasonable certainty the land to be conveyed.

B.   There is no genuine issue of material fact as to the above.

C.   Movants include affidavits, discovery, documentary evidence and Non-Movant's pleadings as summary judgment evidence, attached hereto as Exhibits A-E (inclusive) and incorporated by reference for all purposes as if recited verbatim herein.

### III.

A.   Movants raised the affirmative defense of statute of frauds to Non-Movant's claim. Movants are required to prove that the alleged contract upon which Plaintiff's lawsuit is based does not, either by itself or by reference to another writing then in existence, identify with reasonable certainty the land to be conveyed.

B.   There is no genuine issue of material fact as to the defense of statute of frauds and include affidavits, discovery, documentary evidence and Non-Movant's pleadings as summary judgment evidence attached hereto, filed with this motion and incorporated by reference for all purposes as if recited verbatim herein.

### IV.

A.   If summary judgment for Movants is not rendered on the entire cause or for all relief requested, and if a trial is necessary on some of the issues in this cause, Movants request the Court, after examining the pleadings and summary judgment evidence before it and after interrogating counsel to ascertain those material facts that are in good faith actually controverted,

to make an order specifying those facts that appear to be without substantial controversy and directing such further proceedings in the action that are just.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Movants pray that:

The Court set this matter for hearing, with notice to Non-Movant, and that upon completion of said hearing the Court grants Movants' Motion for Summary Judgment, and that Movants have the following:

1.     Judgment against Plaintiff David Cottrell, for declaratory judgment, or alternatively, should the Court find some facts to be controverted, Movants be granted a partial summary judgment specifying those facts that appear to be without substantial controversy;

2.     Judgment against Plaintiff David Cottrell, on the affirmative defense of statute of frauds or alternatively, should the Court find some facts to be controverted, Movants be granted a partial summary judgment specifying those facts that appear to be without substantial controversy;

4.     Pre-judgment and post-judgment interest as provided by law;

5.     Judgment for attorney's fees as prayed for and proved by affidavit attached hereto;

6.     Costs of suit; and

7.     Movants be granted such other and further relief, special or general, at law or in equity, as may be shown that Movants are justly entitled to receive.


Respectfully submitted,

Peterson Law Group

By: _____
E. V. "Rusty" Adams III
Texas Bar No. 24045372
1733 Briarcrest Drive, Suite 100
Bryan, Texas 77802
Tel. (979) 703-7014
Fax. (979) 703-7031
Email: rusty@brazoslawyers.com
Attorney for Defendants
Burton Creek Development, Ltd., Burton Creek
Management, LLC and Brazos Trace, LLC

## CERTIFICATE OF SERVICE

I certify that on January 24, 2014 a true and correct copy of Defendants' Motion for Summary Judgment was served by facsimile transmission on Robert G. Bailey at 713.630.0017.

_____
E. V. "Rusty" Adams III

## NO. 13-000672-CV-272

| | | |
|---|---|---|
| DAVID COTTRELL<br>Plaintiff, | §<br>§<br>§ | IN THE DISTRICT COURT |
| V. | §<br>§ | 272D JUDICIAL DISTRICT |
| BURTON CREEK DEVELOPMENT,<br>LTD., BURTON CREEK<br>MANAGEMENT, LLC AND BRAZOS<br>TRACE, LLC<br>Defendants. | §<br>§<br>§<br>§<br>§<br>§ | OF BRAZOS COUNTY, TEXAS |

## APPENDIX TO
## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

## TABLE OF CONTENTS

All summary judgment evidence in this appendix is incorporated by reference into Defendants' Motion for Summary Judgment.

I.      Plaintiff's Pleadings

Exhibit A

II.    Affidavits

Affidavit of E. V. "Rusty" Adams III attesting to the authenticity of the documents attached hereto.

Exhibit B

Affidavit of E. V. "Rusty" Adams III attesting to the amount and reasonableness of attorney fees, with attached documentation.

Exhibit C

No. 13-000672-CV-272

| | | |
|---|---|---|
| DAVID COTTRELL | § | IN THE DISTRICT COURT OF |
| VS. | § | BRAZOS COUNTY, TEXAS |
| BURTON CREEK DEVELOPMENT, LTD., | § | |
| BURTON CREEK MANAGEMENT, LLC | § | |
| AND BRAZOS TRACE, LLC | § | 272ND JUDICIAL DISTRICT |

## PLAINTIFF'S SECOND AMENDED ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, David Cottrell, Plaintiff, complaining of Burton Creek Development, Ltd., Burton Creek Management, LLC and Brazos Trace, LLC, Defendants, and as grounds therefor would show the Court as follows:

I.

1.1 Discovery is intended to be conducted under Level 1 of Rule 190, Texas Rules of Civil Procedure.

II.

2.1 David Cottrell ("Cottrell"), Plaintiff, is an individual residing in Harris County, Texas.

2.2 Burton Creek Development, Ltd. ("Development"), Burton Creek Management, LLC ("Management") and Brazos Trace, LLC ("Brazos Trace"), Defendants, have all appeared and answered herein.

III.

3.1 Venue is proper in Brazos County, Texas, because Brazos County is the county in which all or a substantial part of the events or omissions giving rise to the claims asserted herein occurred.

3.2 Venue is proper in Brazos County, Texas as to each Defendant, because Brazos County is the county in which each Defendant has its principal office in this state and each Defendant is not a natural person.

3.3 Venue is proper in Brazos County, Texas, as to all of the Defendants, because (a) all of the claims asserted herein arise out of the same transaction, occurrence, or series of transactions or occurrences and (b) Cottrell has established proper venue against one or more of the Defendants.



EXHIBIT___A___

IV.

4.1 Cottrell is a real estate broker licensed by and in good standing with the Texas Real Estate Commission.

4.2 Development entered into a written contract (the "Contract") in writing with Cottrell, by which Cottrell was engaged to assist in selling a tract of land (the "Property") owned by Development and located in Bryan, Texas. A true and correct copy of the Contract is attached hereto as Exhibit A. A detailed legal description and partial plat of a survey of the Property are set forth in Exhibit B, attached hereto. Under the Contract, it was agreed that Cottrell would be paid a commission of 6% if he brokered a sale of the Property.

4.3 Cottrell was contacted by representatives of RaceTrac Petroleum, Inc., who expressed interest in purchasing the Property. Cottrell introduced them to Defendants. Development sold the Property to Gingercrest, Inc., a RaceTrac affiliate.

4.4 Cottrell has fully performed his obligations under the Contract by bringing a buyer, RaceTrac or an affiliate thereof, of the Property to Development. Development knowingly accepted Cottrell's services by selling the Property to RaceTrac or its affiliate. It received the benefits of the sale that had been arranged by Cottrell, namely, the sales price.

4.5 Cottrell has made demand on Defendants for payment of his commission of $51,015.15, but they have failed and refused to do so.

V.

5.1 Brazos Trace or its member, Paul Leventis, made the Contract with Cottrell as agent for Development. In doing so they acted within the course and scope of the authority granted to them by Development, whether actual or apparent. Development has breached the Contract made on its behalf by failing to pay Cottrell the 6% commission that he earned for enabling Development to sell the Property to RaceTrac or an affiliate. As a result of Development's breach of the Contract, Cottrell has been damaged the sum of $51,015.15, for which Cottrell now sues Development.

5.2 Management is the general partner of Development and, as such, is jointly and severally

2

liable with it for Development's breach of the Contract.

## VI.

6.1 In the alternative, if Brazos Trace exceeded its authority, actual or apparent, by entering into the Contract on behalf of Development, then Brazos Trace is liable to Cottrell for its breach of the Contract, for which Cottrell now sues Brazos Trace.

## VII.

7.1 Cottrell is entitled to recover a reasonable attorney's fee pursuant to Ch. 38, Texas Civil Practice and Remedies Code.

## VIII.

8.1 All conditions precedent to the right of Cottrell to recover the relief requested herein have occurred or have been satisfied.

WHEREFORE, PREMISES CONSIDERED, Cottrell prays that he have and recover judgment against Development and Management, jointly and severally, for actual damages of $51,015.15, attorney's fees, pre- and post-judgment interest and costs of suit. In the alternative, Cottrell prays for judgment against Brazos Trace for actual damages of $51,015.15, attorney's fees, pre- and post-judgment interest and costs of suit. Cottrell prays for such other and further relief to which he may be justly entitled.

Respectfully submitted,

ROBERT G. BAILEY, P.C.

By: /S/ ROBERT G. BAILEY
    Robert G. Bailey
    State Bar No. 01536200
    3306 Sul Ross
    Houston, Texas 77098
    Land: 832-485-1338
    Cell: 713-819-5534
    Fax: 713-630-0017
    Email: rbailey@robertbaileypc.com

ATTORNEY FOR PLAINTIFF

3

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on the following counsel of record via fax, hand delivery or certified mail on January 16, 2014:

Christopher W. Peterson
E.V. "Rusty" Adams, III
Peterson Law Group
3608 East 29th St., Suite 112
Bryan, Texas 77802
Phone: 979-703-7014
Fax: 979-703-7031

/S/ ROBERT G. BAILEY
Robert G. Bailey

4

David Cottrell

| From: | Paul Leventis [paul@brazostrace.com] |
| Sent: | Wednesday, December 14, 2011 10:35 PM |
| To: | 'Paul Leventis'; David Cottrell |
| Cc: | jeremy@jennyblack.com; 'neil@finerhomesonline.com'; 'Bill Kotlan' |
| Subject: | RE: Land for Sale Nash and WJBryan |

David,

As a clarification, the 6% commission will cover your commission of %3 and a %3 commission to the buyer agent that is bringing the group out of Dallas. Please confirm that this is correct so there is no misunderstanding.

Thanks,
Paul

From: Paul Leventis [mailto:paul@brazostrace.com]
Sent: Wednesday, December 14, 2011 7:22 AM
To: 'David Cottrell'
Cc: '<jeremy@jennyblack.com>'; 'neil@finerhomesonline.com'; 'Bill Kotlan'
Subject: Land for Sale Nash and WJBryan

David,

Per our conversation yesterday, Burton Creek Development will pay you a %6 commission for any buyer that you bring to the table who closes on our property located at WJ Bryan, Villa Maria and Nash. Please note, we have a group who is willing to buy our apartment land at $7/sf, therefore, the amount for your buyer would need to be $7.45/sf to cover your 6% commission.

We can talk about the other tracts and pricing when we meet later this week.

Thanks,

Paul
E.

# EXHIBIT A

1

## Legal Description of Contract Property

Seller:                             Brazos Trace, LLC

Purchaser:                          Del Lago Ventures, Inc.

Contract Property location:         SWC William J Bryan Pkwy & Nash Road
                                    Bryan, TX

LEGAL DESCRIPTION:
A PARCEL OF LAND SITUATED IN THE CITY OF BRYAN, TEXAS. MORE PARTICULARLY DESCRIBED AS FOLLOWS:

BEGINNING AT THE INTERSECTION OF THE WESTERLY RIGHT OF WAY OF NASH DRIVE AND THE SOUTHERLY RIGHT OF WAY OF E WILLIAM J BRYAN PARKWAY; THENCE CONTINUE ALONG SAID SOUTHERLY RIGHT OF WAY S 82°19'45" W A DISTANCE OF 40.18' TO A POINT; THENCE S 82°38'21" W A DISTANCE OF 202.15' TO A POINT; THENCE ALONG A CURVE TO THE RIGHT HAVING AN ARC LENGTH OF 21.81', A RADIUS OF 766.20', SUBTENDED BY A CHORD BEARING AND DISTANCE OF S 83°03'35" W, 21.81' TO A POINT; THENCE DEPARTING SAID SOUTHERLY RIGHT OF WAY S 07°21'39" E A DISTANCE OF 259.67' TO A POINT; THENCE N 82°38'21" E A DISTANCE OF 282.69' TO A POINT ON THE WESTERLY RIGHT OF WAY OF NASH DRIVE; THENCE ALONG SAID WESTERLY RIGHT OF WAY FOLLOWING A CURVE TO THE LEFT HAVING AN ARC LENGTH OF 117.36', A RADIUS OF 535.00', SUBTENDED BY A CHORD BEARING AND DISTANCE OF N 01°22'44" W, 117.13' TO A POINT; THENCE N 07°39'48" W A DISTANCE OF 113.39' TO A POINT; THENCE N 52°39'48" W A DISTANCE OF 42.43' TO THE POINT OF BEGINNING. CONTAINING 77,577 SQUARE FEET OR 1.781 ACRES MORE OR LESS.



EXHIBIT B

| | | |
|---|---|---|
| DAVID COTTRELL<br>Plaintiff, | §<br>§ | IN THE DISTRICT COURT |
| | §<br>§ | |
| V. | §<br>§ | 272D JUDICIAL DISTRICT |
| | §<br>§ | |
| BURTON CREEK DEVELOPMENT,<br>LTD., BURTON CREEK<br>MANAGEMENT, LLC AND BRAZOS<br>TRACE, LLC<br>Defendants. | §<br>§<br>§<br>§<br>§<br>§ | OF BRAZOS COUNTY, TEXAS |

## AFFIDAVIT OF E. V. "RUSTY" ADAMS III

**BEFORE ME**, the undersigned authority, on this day personally appeared E. V. "Rusty" Adams III, who swore on oath that the following facts are true:

"My name is E. V. "Rusty" Adams III. I am over the age of 18 years, of sound mind and fully competent to make this affidavit. I have personal knowledge of the facts herein stated and they are all true and correct.

"I verify that all copies of discovery and documents attached in the appendix to the Defendants' Motion for Summary Judgment are true and correct copies of the original documents."

SIGNED on _Jan. 24_, 2014.

_____
E. V. "Rusty" Adams III, Affiant

SUBSCRIBED AND SWORN TO BEFORE ME on _January 24, 2014_, by
E.V. Rusty Adams III

VERONICA VALENCIA
Notary Public, State of Texas
My Commission Expires
September 15, 2015

_____
Notary Public, State of Texas

**EXHIBIT B**

| | | |
|---|---|---|
| **DAVID COTTRELL** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **272D JUDICIAL DISTRICT** |
| | § | |
| **BURTON CREEK DEVELOPMENT,** | § | |
| **LTD., BURTON CREEK** | § | |
| **MANAGEMENT, LLC AND BRAZOS** | § | |
| **TRACE, LLC** | § | |
| **Defendants.** | § | **OF BRAZOS COUNTY, TEXAS** |

## AFFIDAVIT IN SUPPORT OF REQUEST
## FOR ATTORNEY'S FEES

BEFORE ME, the undersigned authority, on this day personally appeared E. V. "Rusty" Adams III, who swore on oath that the following facts are true:

"My name is E. V. "Rusty" Adams III. I am over 18 years of age, of sound mind, and fully competent to make this affidavit. I have personal knowledge of the facts stated herein and they are all true and correct.

"I am an attorney licensed to practice law in the State of Texas. I have practiced law in the Bryan-College Station and surrounding areas for over nine years and am familiar with the fees customarily charged in this area for the type of work done in this matter, i.e., litigation.

"On February 14, 2014, Movants employed me in connection with the matter on which this suit is based. The invoice from my office attached hereto accurately reflects the amount of time and attorney fees (including legal professionals under my supervision) and costs expended in this matter. Both the invoice and said affidavit are incorporated into this affidavit by reference as if set forth in full."

"I am a custodian of records for Peterson Law Group. The records attached hereto are made by, or from information transmitted by, a person with knowledge of the events or

**EXHIBIT___C___**

conditions recorded therein. The records attached hereto are made at or near the time of the events or conditions recorded therein. The records attached hereto are made and kept in the regular and ordinary course of business.

"Movant is entitled to recover the reasonable attorney's fees requested herein pursuant to written contract.

"It is my opinion that these fees are reasonable attorney's fees based upon the following factors:

1. The novelty and difficulty of the issue involved, the skill required to provide the legal services properly, and the experience, reputation, and expertise of the lawyer or lawyers performing the services;

2. The time and labor involved to perform the legal services properly; and,

3. The fee customarily charged in the community for similar services.

"It is my opinion that attorney's fees in the amount of $5,000.00 would be a reasonable fee for the services required to perform post-judgment discovery and to satisfy the judgment by writ of execution and other procedures.

"It is my opinion that in the event this case is appealed to the court of appeals, attorney's fees in the amount of $20,000.00 would be a reasonable fee for services performed in this cause on appeal to the court of appeals.

"It is my opinion that in the event this case is appealed to the Texas Supreme Court, additional attorney's fees in the amount of $20,000.00 would be a reasonable fee for services performed in this cause on appeal to the Texas Supreme Court."

SIGNED on Jan. 24, 2014.

_____
E. V. "Rusty" Adams III, Affiant

**SUBSCRIBED AND SWORN TO BEFORE ME** on January 24, 2014 by

E.V. Rusty Adams III

Notary Public, State of Texas

VERONICA VALENCIA
Notary Public, State of Texas
My Commission Expires
September 15, 2015

## Time Entries

| Date | Matter | Description | User | Rate | Total |
|---|---|---|---|---|---|
| 01/24/ 2014 | 2013-03766 | Normal Rate: Prepare Motion for Summary Judgment. <br><br> 1.00 | Rusty Adams | $200.00 | $200.00 |
| 01/16/ 2014 | 2013-03766 | Normal Rate: Work on supplementation. Review of Amended petition. <br>**Billed on Invoice 7276** <br><br> 0.75 | Rusty Adams | $200.00 | $150.00 |
| 01/09/ 2014 | 2013-03766 | Normal Rate: Received and reviewed amended petition. Respond to Paul's communication. Review of deposition of David Cottrell. Begin draft of Motion for Summary Judgment. <br>**Billed on Invoice 7276** <br><br> 3.50 | Rusty Adams | $200.00 | $700.00 |
| 01/08/ 2014 | 2013-03766 | Normal Rate: Communications with opposing counsel. <br>**Billed on Invoice 7276** <br><br> 0.25 | Rusty Adams | $200.00 | $50.00 |
| 01/08/ 2014 | 2013-03766 | Normal Rate: Correspondence to client with mediation dates. <br>**Billed on Invoice 7276** <br><br> 0.25 | Veronica Contreras | $75.00 | $18.75 |
| 01/03/ 2014 | 2013-03766 | Normal Rate: Receive and review response to Motion for Continuance. Communication with Paul Leventis and with the Court. <br>**Billed on Invoice 7055** <br><br> 0.25 | Rusty Adams | $200.00 | $50.00 |
| 01/02/ 2014 | 2013-03766 | Normal Rate: Communication with court and with Paul Leventis. Motion for Continuance. <br>**Billed on Invoice 7055** <br><br> 1.25 | Rusty Adams | $200.00 | $250.00 |
| 01/02/ 2014 | 2013-03766 | Normal Rate: Draft filing letter and Motion for Continuance. Send copy of Motion to opposing counsel and client. <br>**Billed on Invoice 7055** <br><br> 1.00 | Veronica Contreras | $75.00 | $75.00 |
| 12/11/ 2013 | 2013-03766 | Normal Rate: Telephone conference with the Dispute Resolution Center to confirm mediation was cancelled. Telephone conference with client to remind him mediation was cancelled. <br>**Billed on Invoice 7055** <br><br> 0.25 | Veronica Contreras | $75.00 | $18.75 |
| 11/20/ 2013 | 2013-03766 | Normal Rate: Attend status hearing. <br>**Billed on Invoice 6814** <br><br> 0.25 | Rusty Adams | $200.00 | $50.00 |
| 11/19/ 2013 | 2013-03766 | Normal Rate: Telephone conference with DRC to confirm Dec 12 is still available for mediation. Draft and send orrespondence to opposing counsel confirming mediation. <br>**Billed on Invoice 6814** <br><br> 0.50 | Veronica Contreras | $75.00 | $37.50 |
| 11/13/ 2013 | 2013-03766 | Normal Rate: Telephone conference with DRC to obtain new mediation dates. Correspondence to client with new mediation dates. Correspondence to opposing counsel with new mediation dates. | Veronica Contreras | $75.00 | $37.50 |

| Date | Matter | Description | User | Rate | Total |
|------|--------|-------------|------|------|-------|
| | | **Billed on Invoice 6814**<br>0.50 | | | |
| 11/08/2013 | **2013-03766** | Normal Rate: Communications with client regarding mediation scheduling.<br>**Billed on Invoice 6692**<br>0.25 | **Rusty Adams** | $200.00 | $50.00 |
| 10/29/2013 | **2013-03766** | Normal Rate: Communications regarding scheduling of mediation.<br>**Billed on Invoice 6692**<br>0.25 | **Rusty Adams** | $200.00 | $50.00 |
| 10/24/2013 | **2013-03766** | Normal Rate: Communications regarding scheduling of mediation.<br>**Billed on Invoice 6616**<br>0.25 | **Rusty Adams** | $200.00 | $50.00 |
| 10/22/2013 | **2013-03766** | Normal Rate: Communications regarding scheduling of mediation.<br>**Billed on Invoice 6616**<br>0.25 | **Rusty Adams** | $200.00 | $50.00 |
| 10/07/2013 | **2013-03766** | Normal Rate: Communications with Paul and with opposing counsel.<br>**Billed on Invoice 6544**<br>0.25 | **Rusty Adams** | $200.00 | $50.00 |
| 09/24/2013 | **2013-03766** | Normal Rate: Deposition of Paul Leventis.<br>**Billed on Invoice 6417**<br>3.25 | **Rusty Adams** | $200.00 | $650.00 |
| 09/23/2013 | **2013-03766** | Normal Rate: Communication with Paul regarding deposition.<br>**Billed on Invoice 6417**<br>0.25 | **Rusty Adams** | $200.00 | $50.00 |
| 09/06/2013 | **2013-03766** | Normal Rate: Work on scheduling of deposition.<br>**Billed on Invoice 6417**<br>0.25 | **Rusty Adams** | $200.00 | $50.00 |
| 08/22/2013 | **2013-03766** | Normal Rate: Communication regarding scheduling of deposition and mediation.<br>**Billed on Invoice 6294**<br>0.25 | **Rusty Adams** | $200.00 | $50.00 |
| 08/13/2013 | **2013-03766** | Normal Rate: Communications with client and opposing counsel regarding deposition of Paul.<br>**Billed on Invoice 6130**<br>0.25 | **Rusty Adams** | $200.00 | $50.00 |
| 08/06/2013 | **2013-03766** | Normal Rate: Review of deposition. Communication with opposing counsel and client about rescheduling of Paul's deposition.<br>**Billed on Invoice 6130**<br>1.25 | **Rusty Adams** | $200.00 | $250.00 |
| 07/26/2013 | **2013-03766** | Normal Rate: Deposition of David Cottrell.<br>**Billed on Invoice 6070** | **Rusty Adams** | $200.00 | $1,200.00 |

| Date | Matter | Description | User | Rate | Total |
|------|--------|-------------|------|------|-------|
| | | | 6.00 | | |
| 07/26/ 2013 | 2013-03766 | Normal Rate: Attend status hearing.<br>**Billed on Invoice 6070** | **Rusty Adams** | $200.00 | $100.00 |
| | | | 0.50 | | |
| 07/26/ 2013 | 2013-03766 | Normal Rate: Prepare for deposition of David Cottrell.<br>**Billed on Invoice 6070** | **Rusty Adams** | $200.00 | $650.00 |
| | | | 3.25 | | |
| 07/25/ 2013 | 2013-03766 | Normal Rate: Preparation for deposition. Meet with client to prepare for deposition.<br>**Billed on Invoice 6070** | **Rusty Adams** | $200.00 | $800.00 |
| | | | 4.00 | | |
| 07/24/ 2013 | 2013-03766 | Normal Rate: Research in deed records. Prepare for depositions.<br>**Billed on Invoice 6070** | **Rusty Adams** | $200.00 | $250.00 |
| | | | 1.25 | | |
| 07/23/ 2013 | 2013-03766 | Normal Rate: Meet with client. Research in deed records.<br>**Billed on Invoice 6070** | **Rusty Adams** | $200.00 | $850.00 |
| | | | 4.25 | | |
| 07/22/ 2013 | 2013-03766 | Normal Rate: Prepare for meeting with Paul regarding depositions.<br>**Billed on Invoice 6015** | **Rusty Adams** | $200.00 | $100.00 |
| | | | 0.50 | | |
| 06/17/ 2013 | 2013-03766 | Normal Rate: Communication with opposing counsel about court reporter for depositions.<br>**Billed on Invoice 5696** | **Rusty Adams** | $200.00 | $50.00 |
| | | | 0.25 | | |
| 06/14/ 2013 | 2013-03766 | Normal Rate: Deposition notices and reporter. Communicate with Paul Leventis regarding pre-deposition appointments and deposition dates.<br>**Billed on Invoice 5696** | **Rusty Adams** | $200.00 | $100.00 |
| | | | 0.50 | | |
| 06/07/ 2013 | 2013-03766 | Normal Rate: Communications with opposing counsel about depositions and with Paul about depositions and pre-deposition meetings.<br>**Billed on Invoice 5573** | **Rusty Adams** | $200.00 | $50.00 |
| | | | 0.25 | | |
| 06/06/ 2013 | 2013-03766 | Normal Rate: Communications about scheduling of depositions.<br>**Billed on Invoice 5573** | **Rusty Adams** | $200.00 | $50.00 |
| | | | 0.25 | | |
| 06/05/ 2013 | 2013-03766 | Normal Rate: Schedule depositions, communications with Paul about depos.<br>**Billed on Invoice 5573** | **Rusty Adams** | $200.00 | $50.00 |
| | | | 0.25 | | |
| 06/04/ 2013 | 2013-03766 | Normal Rate: Communications with opposing counsel and client about scheduling of depositions.<br>**Billed on Invoice 5573** | **Rusty Adams** | $200.00 | $50.00 |

| Date | Matter | Description | User | Rate | Total |
|------|--------|-------------|------|------|-------|
| | | | 0.25 | | |
| 05/30/ 2013 | 2013-03766 | Normal Rate: Communications about scheduling of depositions. **Billed on Invoice 5573** | Rusty Adams | $200.00 | $50.00 |
| | | | 0.25 | | |
| 05/29/ 2013 | 2013-03766 | Normal Rate: Communications about scheduling of depositions. **Billed on Invoice 5573** | Rusty Adams | $200.00 | $50.00 |
| | | | 0.25 | | |
| 05/28/ 2013 | 2013-03766 | Normal Rate: Communications about depositions. **Billed on Invoice 5573** | Rusty Adams | $200.00 | $50.00 |
| | | | 0.25 | | |
| 05/24/ 2013 | 2013-03766 | Normal Rate: Scheduling of depositions. **Billed on Invoice 5472** | Rusty Adams | $200.00 | $100.00 |
| | | | 0.50 | | |
| 05/15/ 2013 | 2013-03766 | Normal Rate: Communication regarding deposition dates for Cottrell. **Billed on Invoice 5472** | Rusty Adams | $200.00 | $50.00 |
| | | | 0.25 | | |
| 05/13/ 2013 | 2013-03766 | Normal Rate: Research on statute of frauds issue. **Billed on Invoice 5339** | Rusty Adams | $200.00 | $50.00 |
| | | | 0.25 | | |
| 05/10/ 2013 | 2013-03766 | Normal Rate: Request deposition dates from opposing counsel. **Billed on Invoice 5339** | Rusty Adams | $200.00 | $50.00 |
| | | | 0.25 | | |
| 05/09/ 2013 | 2013-03766 | Normal Rate: Communication from client. **Billed on Invoice 5339** | Rusty Adams | $200.00 | $100.00 |
| | | | 0.50 | | |
| 05/08/ 2013 | 2013-03766 | Normal Rate: Cull documents brought by Paul. Review plaintiff's production for other documents important to production. Finish our discovery and serve on opposing counsel, additional research on the statute of frauds found in RELA. **Billed on Invoice 5339** | Rusty Adams | $200.00 | $850.00 |
| | | | 4.25 | | |
| 05/08/ 2013 | 2013-03766 | Normal Rate: Draft and send letters to Brazos County District Clerk and Attorney Brantley with discovery responses. **Billed on Invoice 5339** | Veronica Contreras | $75.00 | $37.50 |
| | | | 0.50 | | |
| 05/07/ 2013 | 2013-03766 | Normal Rate: Meet with Paul, work on our discovery responses, research on statute of frauds and part performance. **Billed on Invoice 5339** | Rusty Adams | $200.00 | $900.00 |
| | | | 4.50 | | |
| 05/06/ 2013 | 2013-03766 | Normal Rate: Communications with Paul, work on our discovery responses, meeting with Paul. **Billed on Invoice 5339** | Rusty Adams | $200.00 | $400.00 |

| Date | Matter | Description | | User | Rate | Total |
|---|---|---|---|---|---|---|
| | | | 2.00 | | | |
| 05/03/2013 | 2013-03766 | Normal Rate: Review of plaintiff's production.<br>**Billed on Invoice 5339** | | Rusty Adams | $200.00 | $300.00 |
| | | | 1.50 | | | |
| 05/02/2013 | 2013-03766 | Normal Rate: Review of plaintiff's production.<br>**Billed on Invoice 5339** | | Rusty Adams | $200.00 | $700.00 |
| | | | 3.50 | | | |
| 05/01/2013 | 2013-03766 | Normal Rate: Review of plaintiff's production.<br>**Billed on Invoice 5339** | | Rusty Adams | $200.00 | $200.00 |
| | | | 1.00 | | | |
| 04/30/2013 | 2013-03766 | Normal Rate: Review of plaintiff's production responses.<br>**Billed on Invoice 5339** | | Rusty Adams | $200.00 | $100.00 |
| | | | 0.50 | | | |
| 04/29/2013 | 2013-03766 | Normal Rate: Review and notes on Plaintiff's discovery responses.<br>**Billed on Invoice 5227** | | Rusty Adams | $200.00 | $150.00 |
| | | | 0.75 | | | |
| 04/19/2013 | 2013-03766 | Normal rate: Review discovery answers from Plaintiff.<br>**Billed on Invoice 5227** | | Chris Peterson | $225.00 | $112.50 |
| | | | 0.50 | | | |
| 04/18/2013 | 2013-03766 | Normal Rate: Letter to clerk regarding duplicate case numbers.<br>**Billed on Invoice 5227** | | Rusty Adams | $200.00 | $50.00 |
| | | | 0.25 | | | |
| 04/18/2013 | 2013-03766 | Normal Rate: Prepared documents and send to opposing counsel<br>**Billed on Invoice 5227** | | Veronica Contreras | $75.00 | $18.75 |
| | | | 0.25 | | | |
| 04/10/2013 | 2013-03766 | Normal Rate: Meet with client about answer, counterclaim, and discovery. Got signature on verified denial. Asked for documents.<br>**Billed on Invoice 5227** | | Rusty Adams | $200.00 | $450.00 |
| | | | 2.25 | | | |
| 04/09/2013 | 2013-03766 | Normal rate: Review and revise Answer and Counterclaim.<br>**Billed on Invoice 5227** | | Chris Peterson | $225.00 | $112.50 |
| | | | 0.50 | | | |
| 04/09/2013 | 2013-03766 | Normal Rate: Finish answer and counterclaim. Drafting of discovery responses.<br>**Billed on Invoice 5227** | | Rusty Adams | $200.00 | $600.00 |
| | | | 3.00 | | | |
| 04/08/2013 | 2013-03766 | Normal Rate: Drafting of answer and counterclaim.<br>**Billed on Invoice 5227** | | Rusty Adams | $200.00 | $300.00 |

| Date | Matter | Description | User | Rate | Total |
|------|--------|-------------|------|------|-------|
| | | | 1.50 | | |
| 03/27/2013 | 2013-03766 | Normal Rate: Research and drafting on answer and counterclaim.<br>**Billed on Invoice 4982** | Rusty Adams | $200.00 | $300.00 |
| | | | 1.50 | | |
| 03/26/2013 | 2013-03766 | Normal Rate: Draft outgoing discovery.<br>**Billed on Invoice 4982** | Rusty Adams | $200.00 | $400.00 |
| | | | 2.00 | | |
| 03/26/2013 | 2013-03766 | Normal rate: Revised and finalize Requests for Disclosure, Interrogatories and Requests for Production<br>**Billed on Invoice 4982** | Chris Peterson | $225.00 | $225.00 |
| | | | 1.00 | | |
| 03/22/2013 | 2013-03766 | Normal Rate: Research on applicable law, and strategy conference with Chris.<br>**Billed on Invoice 4982** | Rusty Adams | $200.00 | $100.00 |
| | | | 0.50 | | |
| 03/21/2013 | 2013-03766 | Normal Rate: Additional research on TRELA, electronic signatures, and other applicable law.<br>**Billed on Invoice 4982** | Rusty Adams | $200.00 | $450.00 |
| | | | 2.25 | | |
| 03/20/2013 | 2013-03766 | Normal Rate: Research on TRELA and other applicable law.<br>**Billed on Invoice 4982** | Rusty Adams | $200.00 | $600.00 |
| | | | 3.00 | | |
| 03/19/2013 | 2013-03766 | Normal Rate: Research on TRELA statute of frauds.<br>**Billed on Invoice 4982** | Rusty Adams | $200.00 | $100.00 |
| | | | 0.50 | | |
| 03/06/2013 | 2013-03766 | Normal rate: Finalize and send responsive letter to Robert Bailey.<br>**Billed on Invoice 4982** | Chris Peterson | $225.00 | $56.25 |
| | | | 0.25 | | |
| 02/26/2013 | 2013-03766 | Normal rate: Receive response letter from opposing counsel. Correspond with Paul Leventis re: same. Telephone conference with Paul Leventis.<br>**Billed on Invoice 4982** | Chris Peterson | $225.00 | $168.75 |
| | | | 0.75 | | |
| 02/21/2013 | 2013-03766 | Normal rate: Telephone conference with Paul Leventis. Correspond with Paul Leventis re settlement amounts. Revise and send letter to opposing counsel.<br>**Billed on Invoice 4982** | Chris Peterson | $225.00 | $225.00 |
| | | | 1.00 | | |
| 02/21/2013 | 2013-03766 | Normal rate: Correspond with Paul Leventis. Revise and send letter to opposing counsel re response to demand letter<br>**Billed on Invoice 4982** | Chris Peterson | $225.00 | $168.75 |
| | | | 0.75 | | |
| 02/20/2013 | 2013-03766 | Normal rate: Telephone conferences with Paul Leventis<br>**Billed on Invoice 4982** | Chris Peterson | $225.00 | $112.50 |

| Date | Matter | Description | User | Rate | Total |
|------|--------|-------------|------|------|-------|
| | | | 0.50 | | |
| 02/14/2013 | 2013-03766 | Normal rate: Receive and review demand letter. Telephone conference with Paul Leventis. **Billed on Invoice 4982** | **Chris Peterson** | $225.00 | $168.75 |
| | | | 0.75 | | |
| | | | 82.00 | | $16,143.75 |

## Expense Entries

| Date | Description | User | Amount | Invoice |
|------|-------------|------|--------|---------|
| 03/26/2013 | Mail charge | Sarah Cozart <br> 2013-03766 | $1.38 | Invoice 4982 |
| 04/10/2013 | Counterclaim fee paid to Brazos County District Clerk. | Maritza Hoffman <br> 2013-03766 | $40.00 | Invoice 5227 |
| 07/24/2013 | Fee paid to Brazos County Clerk for copies. | Maritza Hoffman <br> 2013-03766 | $20.00 | Invoice 6070 |
| 08/09/2013 | Court reporter fee paid to Ann Hunt for deposition. | Maritza Hoffman <br> 2013-03766 | $929.25 | Invoice 6130 |
| | | | $990.63 | |

| DAVID COTTRELL | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| V. | § | 272D JUDICIAL DISTRICT |
| | § | |
| BURTON CREEK DEVELOPMENT, | § | |
| LTD., BURTON CREEK | § | |
| MANAGEMENT, LLC AND BRAZOS | § | |
| TRACE, LLC | § | |
| Defendants. | § | OF BRAZOS COUNTY, TEXAS |

## ORDER GRANTING
## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

On _____, 2014, the Court considered Defendants' Motion for Summary Judgment and request that the Court enter Summary Judgment in favor of Movants on the counterclaim and affirmative defenses set forth therein and against Plaintiff David Cottrell.

After due consideration of the summary judgment evidence, including affidavits, discovery, documentary evidence and Non-Movant's pleadings, and the argument of counsel, this Court finds that Defendants' Motion is due to be **GRANTED** and makes the following findings:

The Court finds there is no genuine issue of material fact as to Defendants' counterclaim for declaratory judgment and Defendants are entitled to summary judgment thereon.

The Court finds there is no genuine issue of material fact as to Defendants' affirmative defense of statute of frauds and Defendants are entitled to summary judgment thereon.

The Court finds there is no genuine issue of material fact as to Defendants' affirmative defense of failure of consideration and Defendants are entitled to summary judgment thereon.

The Court finds that Defendants have proven the counterclaim and disproved at least one element of Plaintiff's claim for breach of contract.

The Court finds that Plaintiff has not pled any affirmative defense that would preclude

summary judgment in this cause.

The Court finds Defendants are entitled to summary judgment as a matter of law because no contract was formed, and because the alleged contract does not satisfy the statute of frauds.

**IT IS THEREFORE ORDERED** that judgment is entered in favor of Defendants and against Plaintiff on the counterclaim of declaratory judgment. The Court declares that:

    a. The alleged contract upon which Plaintiff's lawsuit is based is not a contract;

    b. The alleged contract upon which Plaintiff's lawsuit is based does not satisfy the Statute of Frauds; and

    c. The alleged contract upon which Plaintiff's lawsuit is based does not, either by itself or by reference to another writing then in existence, identify with reasonable certainty the land to be conveyed.

**IT IS FURTHER ORDERED** that Defendants recover judgment against Plaintiff in the sum of $16,143.75, (Sixteen Thousand One Hundred Forty-Three and 75/100 Dollars), as attorney fees for the benefit of Peterson Law Group. Such Judgment, for which execution shall issue, shall bear interest at the rate of 6% per annum, compounded annually from the date of this judgment, until paid.

**IT IS FURTHER ORDERED** that Defendants recover judgment against Plaintiff in the sum of $20,000.00, (Twenty Thousand and No/100 Dollars), as attorney fees for the benefit of Peterson Law Group on intermediate appeal, with costs and expenses. Such Judgment, for which execution shall issue, shall bear interest at the rate of 6% per annum, compounded annually from the date of this judgment, until paid. This judgment of attorney fees on appeal is conditioned on the pursuit by Plaintiff of an ultimately unsuccessful appeal.

**IT IS FURTHER ORDERED** that Defendants recover judgment against Plaintiff in the

sum of $20,000.00, (Twenty Thousand and No/100 Dollars), as attorney fees for the benefit of Peterson Law Group on appeal to the Texas Supreme Court, with costs and expenses. Such Judgment, for which execution shall issue, shall bear interest at the rate of 6% per annum, compounded annually from the date of this judgment, until paid. This judgment of attorney fees on appeal is conditioned on the pursuit by Plaintiff of an ultimately unsuccessful appeal.

**IT IS FURTHER ORDERED** that Defendants recover costs of court incurred in the course of this cause in the sum of $990.63, (Nine Hundred Ninety and 63/100 Dollars). Such judgment, for which let execution issue, shall bear interest at the rate of 6%, compounded annually from the date of this judgment, until paid.

**IT IS FURTHER ORDERED** that Defendants are entitled to enforce this judgment through abstract, execution, and any other process.

This judgment finally disposes of all parties and all claims and is appealable.

Signed on _____.


_____
JUDGE PRESIDING

APPROVED AS TO FORM:

_____
E. V. "Rusty" Adams III
Attorney for Defendants Burton Creek Development, Ltd., Burton Creek Management, LLC and Brazos Trace, LLC
Peterson Law Group
1733 Briarcrest Drive, Suite 100
Bryan, Texas 77802
Tel. (979) 703-7014
Fax. (979) 703-7031
Email: rusty@brazoslawyers.com

Robert G. Bailey
Attorney for David Cottrell
3306 Sul Ross
Houston, Texas 77098
Tel. 832.485.1338
Fax. 713.630.0017
Email: rbailey@robertbaileypc.com

4843-4557-3399, v. 1

No. 13-000672-CV-272

| | | |
|---|---|---|
| DAVID COTTRELL | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | BRAZOS COUNTY, TEXAS |
| | § | |
| BURTON CREEK DEVELOPMENT, LTD. | § | |
| AND | § | |
| BURTON CREEK MANAGEMENT, LLC | § | 272ND JUDICIAL DISTRICT |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT AND PLAINTIFF'S CROSS
MOTION FOR PARTIAL SUMMARY JUDGMENT**

TO THE HONORABLE JUDGE OF SAID COURT:

David Cottrell, Plaintiff, files this Response to Defendants' Motion for Summary Judgment and Plaintiff's Cross Motion for Partial Summary Judgment as follows:

## I.
## BACKGROUND

Cottrell filed this suit to recover a $50,015.15 real estate commission from Burton Creek Development, Ltd. (and its general partner, Burton Creek Management, LLC) in connection with its sale of real property to a purchaser procured by Cottrell. The property is located at the southwest corner of East W.J. Bryan Parkway and Nash Street in Bryan. It has been developed as a Raceway gasoline station/convenience store. Raceway is name used by franchisees of RaceTrac Petroleum, Inc.

By their Motion for Summary Judgment, Defendants seek judgment on their counterclaim for declaratory relief and on their affirmative defense of statute of frauds. Their motion does not seek judgment on any of the other defenses raised in their answer.

By his cross motion, Cottrell seeks an interlocutory summary judgment against Burton Creek Development, Ltd. its general partner, Burton Creek Management, LLC, jointly and severally, for $50,015.15 in damages due to their breach of contract. His motion does not address the issue of his reasonable and necessary attorney's fees, which Cottrell will address in an evidentiary hearing to be set after his Motion for Partial Summary Judgment is granted.

# RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

## III.
## DEFENDANTS NOT ENTITLED TO DECLARATORY
## RELIEF BY COUNTERCLAIM

Cottrell's petition seeks a recovery from Defendants for breach of contract. Defendants have filed a counterclaim against Cottrell which seeks a judgment declaring (a) that the contract on which Cottrell has sued is not a contract, (b) that the contract does not satisfy the statute of frauds and (c) that the contact does not identify the land to be conveyed with reasonable certainty.

A declaratory judgment is not available to settle a dispute already pending before a court. *Riddick v. Quail Harbor Condo. Ass'n,* 7 S.W.3d 663, 672 (Tex.App.--Houston [14th Dist.] 1999, no pet.). This principal was discussed in detail in *John Chezik Buick Co. v. Friendly Chevrolet Co.,* 749 S.W.2d 591, 594 (Tex.App.--Dallas 1988, writ denied) (emphasis added):

> The Texas Declaratory Judgment Act provides that the petitioner may recover attorney fees. TEX.CIV.PRAC. & REM.CODE ANN. § 37.009 (Vernon 1986). However, the Declaratory Judgment Act is **not available to settle disputes already pending before a court**. Johnson v. Hewitt, 539 S.W.2d 239, 240–241 (Tex.Civ.App.—Houston [1st Dist.] 1976, no writ); Joseph v. City of Ranger, 188 S.W.2d 1013, 1014 (Tex.Civ.App.—Eastland 1945, writ ref'd w.o.m.). In this case, Buick brought a counterclaim in which it prayed for a declaratory judgment as to any agency relationships, thus determining the rights of the parties. This controversy was already before the trial court under Chevrolet's action for relief under the sales contract. Consequently, Buick was not entitled to relief under the Declaratory Judgment Act in the form of a counterclaim. The identical conclusion was heretofore reached by this Court in Narisi v. Legend Diversified Investments, 715 S.W.2d 49, 51–52 (Tex.App.—Dallas 1986, writ ref'd n.r.e.). **In Narisi we recognized that a counterclaim under the Declaratory Judgment Act, presenting no new controversies but brought solely to pave an avenue to attorney fees, was not proper.**

The dispute that is presented by Cottrell's petition is whether or not he is entitled to recovery for breach of contract. Whether or not what Cottrell calls a contract is really a contract is not a new dispute, for Defendants have denied the existence of a contract by virtue of their general denial. Whether or not the contract satisfies the statute of frauds also is not a new dispute, for that is put at issue by Defendants' affirmative defense that it does not. Finally, whether or not the contract adequately identifies the land is nothing more than an element of Defendants' statute of frauds defense and does not present a new dispute for that reason. In sum, Defendants' counterclaim does

not seek to resolve any new controversies. it was "brought solely to pave an avenue to attorney's fees." It is improper and Defendants' Motion for Summary Judgment on their counterclaim for a declaratory judgment and corresponding attorney's fees should be denied for that reason.

## IV.
## COTTRELL'S CLAIM IS NOT BARRED BY THE STATUTE OF FRAUDS

The Defendants also seek summary judgment on their affirmative defense of the statute of frauds. The Defendants are not entitled to summary judgment on that defense for the reasons discussed in more detail in Cottrell's Cross Motion for Summary Judgment, below, which reasons and evidence are incorporated in this paragraph by reference.

# COTTRELL'S CROSS MOTION FOR SUMMARY JUDGMENT

## V.
## COTTRELL'S SUMMARY JUDGMENT EVIDENCE

Cottrell offers the following as his summary judgment evidence:

Exhibit A: Excerpts from the deposition of Paul Leventis and certain of the exhibits thereto (Leventis is a Member in Burton Creek Management, LLC, the sole general partner of Burton Creek Development, Ltd.);

Exhibit B: Affidavit of David Cottrell;

Exhibit C: Affidavit of Robert G. Bailey; and

Exhibits D through O: Documentary evidence.

## VI.
## THE LAW

In order to be entitled to his commission, Cottrell must prove the following:

1. He held a Texas license as a real estate broker or salesperson at the time the act was commenced (§1101.806(b), *Tex. Occ. Code*); and

2. The promise or agreement on which the action is based, or a memorandum, is in writing and signed by the party against whom the action is brought or by a person authorized by that party to sign the document. (§1101.806(c), *Tex. Occ. Code*).

In order to prove compliance with §1101.806(c), Cottrell must prove that the agreement or memorandum on which this suit is based is in writing and signed by the person to be charged with the commission and that the agreement or memorandum promises that a definite commission will

3

be paid, states the name of the broker to whom the commission is to be paid and either itself or by reference to some other existing writing, identifies with reasonable certainty the land to be conveyed. *Litton Loan Servicing, LP v. Manning*, 366 S.W.3d 837 (Tex.App.–Dallas 2012, pet. denied).

It is not necessary for Cottrell to prove that the agreement or memorandum identifies the land to be conveyed, if he proves (1) he fully performed, (2) the Defendants knowingly accepted his services by completing the transaction arranged by him and received benefits from that transaction, (3) the Defendants acknowledged in writing their obligation for a commission, and (4) documentary evidence establishes the amount of the commission due. *Carmack v. Beltway Dev. Co.*, 701 S.W. 2d 37, 41– 42 ( Tex.App.— Dallas 1985, no writ). This case was cited with approval by the Texas Supreme Court in *Boyert v. Taubert*, 834 S.W.2d 60 (Tex. 1992) and the Fort Worth Court of Appeals in *Collins v. Beste*, 840 S.W.2d 788 (Tex.App.–Fort Worth 1992, writ denied).

Cottrell's summary judgment evidence shows that all of these requirements were met and that he is entitled to judgment as a matter of law.

## VII.
## THE FACTS

1. Cottrell is licensed by the Texas Real Estate Commission as a broker and has been continuously from 1973 to the present. (Cottrell Affidavit).

2. Burton Creek Development, Ltd. is a Texas limited partnership. (Exhibit D).

3. Burton Creek Management, LLC is a Texas limited liability company. (Exhibit E).

4. Burton Creek Management, LLC is the sole general partner of Burton Creek Development, Ltd. (Exhibit D and Leventis Deposition, pg 11).

5. Leventis has been a member of Burton Creek Management, LLC since its inception. (Exhibit D and Leventis Deposition, pg 11).

6. Leventis also was the Chief Operating Officer of Burton Creek Management, LLC in 2011 and 2012. (Exhibit D and Leventis Deposition, pg 11).

7. Burton Creek Development, Ltd. owned a subdivision (the "Subdivision") in Brazos County, Texas, known as Briar Meadows Creek Subdivision, Phase III. (Cottrell Affidavit).

8. The Subdivision consisted of Lots 1, 2, 3 and 4. (Leventis Deposition, pgs 14 and 23-26 and Exhibits 23 and 31 thereto).

9. Lot 1 of Briar Meadows Creek Subdivision was bounded on the north by East WJ Bryan

4

Parkway, on the east and south by Nash Street and partially on the west by Villa Maria Road. (Exhibit 23 to Leventis Deposition).

10. Of Lots 1, 2, 3 and 4 of Briar Meadows Creek Subdivision, only Lot 1 was bounded by Villa Maria Road. (Exhibit 23 to Leventis Deposition).

11. Cottrell had worked with Leventis on the Tony Roma's project in Bryan and was paid a real estate commission by Leventis's entity for his role as a real estate broker in that transaction. (Leventis Deposition, pg 13).

12. In 2010, after the Tony Roma's transaction had been concluded, Leventis gave Cottrell a document entitled "General Letter of Understanding," which discussed a possible joint venture between Burton Creek Development, Ltd. and Cottrell to develop a retail strip center in the Subdivision at the northeast corner of WJ Bryan and Nash Street on Lot 1, with Cottrell to furnish his development expertise in exchange for an ownership interest and a broker/realtor commission and other fees. (Leventis Deposition, pg 44 and Exhibit 54 thereto).

13. There was a sign on Lot 1 which advertised the property. (Leventis Deposition, pgs 35-36; Cottrell Affidavit).

14. The sign had Cottrell's phone number on it. (Leventis Deposition, pgs 35-36; Cottrell Affidavit).

15. Leventis and Cottrell agreed that Leventis (Burton Creek Development, Ltd.) would pay for the sign. (Leventis Deposition, pgs 35-36).

16. In his dealings with Cottrell regarding Lot 1, Leventis represented Burton Creek Development, Ltd. (Leventis Deposition, pg 12; Cottrell Affidavit).

17. Leventis and Cottrell also talked about how all of Lot 1 might be developed, with retail, multi-family and offices all discussed as possibilities. (Leventis Deposition, pgs 19-22; Cottrell Affidavit).

18. The one constant was that the northeast corner of Lot 1 would be a retail tract (the "Retail Tract"). (Leventis Deposition, pgs 19-22 and Exhibits 23 and 29 thereto; Cottrell Affidavit).

19. Cottrell began looking for purchasers of all or part of Lot 1, including the Retail Tract. (Cottrell Affidavit).

20. Cottrell began working with representatives of CVS Pharmacy late in 2010 regarding a purchase of the Retail Tract and introduced them to Leventis. (Cottrell Affidavit).

21. The discussions between CVS and Burton Creek Development, Ltd. progressed to the point that CVS even submitted a proposed site plan for what it wanted to do with the Retail Tract. (Exhibit F and Cottrell Affidavit).

22. CVS and Burton Creek Development, Ltd. never reached an agreement regarding the Retail Tract. (Cottrell Affidavit).

23. On December 14, 2011, Leventis sent Cottrell an email which said, "Per our

5

conversation yesterday, Burton Creek Development will pay you a %6 commission for any buyer that you bring to the table who closes on our property located at WJ Bryan, Villa Maria and Nash." (Exhibit G and Leventis Deposition, pg. 26 and Exhibit 61 thereto). It is this email which Cottrell contends constitutes the agreement which he seeks to enforce in this lawsuit.

24. In or about March 2012, Cottrell was contacted by Kate Neyhart of RaceTrac Petroleum, who said RaceTrac might be interested in developing the Retail Tract as a gasoline station/convenience store. (Cottrell Affidavit).

25. On March 14, 2012, Leventis sent Cottrell a drawing on how the Retail Tract might be developed to accommodate RaceTrac. (Leventis Deposition, pgs 29-32 and Exhibit 32 thereto).

26. On March 14, 2012, Cottrell sent Ms. Neyhart a copy of the drawing done for the convenience store and advised her of the approximate size and dimensions of the Retail Tract and its sales price. (Exhibit H and Cottrell Affidavit).

27. Cottrell introduced Ms. Neyhart to Leventis. (Leventis Deposition, pg 32; Cottrell Affidavit).

28. Cottrell brought RaceTrac in as someone interested in the Retail Tract. (Leventis Deposition, pg. 34).

29. On April 12, 2012, Leventis sent Cottrell an email which said, "Here is the site plan that shows the location behind the corner where racetrack (sic) is looking. I will see you and the Coffee Shop guy at 10:00 a.m. this morning." (Leventis Deposition, pg. 36 and Exhibit 36 thereto).

30. The "Coffee Shop guy" was another person who Cottrell had located who was interested in purchasing part of Lot 1. (Cottrell Affidavit).

31. Lesleigh Batchelor was Ms. Neyhart's manager and replaced her as RaceTrac's representative in the discussions regarding the Retail Tract. (Cottrell Affidavit).

32. Cottrell contacted Ms. Batchelor and arranged a site visit with her. He and she then met with Leventis at his office, a meeting which he also had arranged. That was her first meeting with Leventis. (Cottrell Affidavit).

33. Cottrell was copied on almost all emails exchanged between Leventis and Ms. Batchelor, including drafts of the contract of purchase and sale. (Leventis Deposition, pg 39-41 and Exhibits 40, 45 and 51 thereto; Cottrell Affidavit).

34. In one of those emails which was copied to Cottrell, Ms. Batchelor advised Leventis, "Our VP gave a thumbs up to the site, so I am taking an offer in to our RE committee on Monday for signature. If it gets signed...I'll be able to get up to Bryan before the end of the week." (Exhibit I).

35. Four days later, in another email copied to Cottrell, Ms. Batchelor advised Leventis that she had a signed contract and wanted to meet in Bryan. (Exhibit J).

36. Cottrell attended that meeting. (Exhibit K and Cottrell Affidavit).

37. Ms. Batchelor then sent Cottrell a copy of the proposed contract in Word format.

6

(Exhibit K).

38. Leventis has admitted that if there was a commission agreement between Burton Creek Development, Ltd. and Cottrell and if Cottrell brought RaceTrac in as a purchaser, Cottrell would be entitled to a commission. (Leventis Deposition, pgs 34-35).

39. Burton Creek Development, Ltd. sold the Retail Tract for $850,252.50 on January 29, 2013. (Leventis Deposition, pg 44 and Exhibit 60 thereto).

40. Burton Creek Development, Ltd. sold the Retail Tract to Gingercrest, Inc. ("Gingercrest"). (Exhibit L).

41. Gingercrest is a Georgia corporation authorized to do business in Texas. (Exhibit M).

42. Gingercrest is located at 3225 Cumberland Blvd. SE, Suite 100, Atlanta, GA. (Exhibit M).

43. Gingercrest's directors are Carl Bolch, Jr., Max Lenker and Susan Bass Bolch. (Exhibit M).

44. Gingercrest's officers are Carl Bolch, Jr., Max Lenker, Robert J. Dumbacher, Susan Bass Bolch and Harriet Landau. (Exhibit M).

45. RaceTrac is a Georgia corporation. (Exhibit N).

46. RaceTrac is located at 3225 Cumberland Blvd., Suite 100, Atlanta, GA, the same address as Gingercrest. (Exhibit N).

47. RaceTrac's directors are Carl Bolch, Jr., Max Lenker and Susan Bass Bolch, who also are directors of Gingercrest. (Exhibit N).

48. RaceTrac's officers are Allison Bolch Moran, Robert J. Dumbacher and Susan Bass Bolch, who also are officers of Gingercrest. (Exhibit N).

49. Cottrell made demand for payment of his commission, but Defendants have failed and refused to do so. (Exhibit O and Cottrell Affidavit).

50. The unpaid commission is $50,015.15.

## VIII.
## THE EVIDENCE ESTABLISHES COTTRELL'S RIGHT TO RECOVERY

The foregoing facts prove, as a matter of law, that there was a contract between the parties and it satisfied the requirements of the applicable statute of frauds:

A. The Contract

The requirements of §1101.806(c), *Tex. Occ. Code*, as explained by the court of appeals in *Litton Loan Servicing, LP v. Manning*, 366 S.W.3d 837 (Tex.App.–Dallas 2012, pet. denied) also were met:

7

1. The agreement or memorandum is in writing: It is an email from Paul Leventis to Cottrell dated December 14, 2011, which states, "Per our conversation yesterday, Burton Creek Development will pay you a %6 commission for any buyer that you bring to the table who closes on our property located at WJ Bryan, Villa Maria and Nash." (Leventis Deposition, pg. 26 and Exhibit 61 thereto).

2. The agreement or memorandum is signed by the party against whom the action is brought or by a person authorized by that party to sign the document: The December 14, 2011 email says it is from "Paul Leventis [mailto:paull@brazostrace.com]" and is signed "Paul" electronically. At the time he sent the December 14, 2011 email, Leventis was (and still is) a member of Burton Creek Management, LLC, the sole general partner of Burton Creek Development, Ltd. Burton Creek Development, Ltd. was the seller in the transaction for which Cottrell earned the commission. The December 14, 2011 email states that it was Burton Creek Development, Ltd. which agreed to pay Cottrell the commission.

3. The agreement or memorandum promises that a definite commission will be paid: The December 14, 2011 email states, "[D]evelopment will pay you a %6 commission."

4. The agreement or memorandum states the name of the broker to whom the commission is to be paid: The December 14, 2011 email is addressed to "David Cottrell." The salutation is to "David."

5. The agreement or memorandum either itself or by reference to some other existing writing, identifies with reasonable certainty the land to be conveyed: The email identifies the property as being "our property located at WJ Bryan, Villa Maria and Nash." The summary judgment evidence shows that the only property owned by Burton Creek Development, Ltd. that was bounded by "WJ Bryan, Villa Maria and Nash," was Lot 1 in Briar Meadows Creek Subdivision, Phase III and that the property sold to the purchaser procured by Cottrell was located within Lot 1.

In the unlikely event the Court finds Cottrell's evidence regarding identification of the land is insufficient, then his evidence shows that he fully performed and that Burton Creek Development, Ltd. knowingly accepted his services by completing the transaction arranged by him and received benefits from that transaction. Such partial performance eliminates the need to prove that the agreement identified the land with reasonable certainty. *See, Carmack, supra.*

1. Cottrell fully performed by procuring the purchaser. Cottrell introduced Leventis to representatives of Race Trac, a convenience store/gas station chain out of Georgia. Cottrell was an active participant in all of the meetings between Leventis and the Race Trac representatives. Leventis kept Cottrell informed of contract negotiations and status, at least up until Burton Creek Development, Ltd. decided to renege on the email agreement. The evidence shows that Gingercrest, an entity related to Race Trac, ultimately purchased the property from Burton Creek Development, Ltd.

2. The Defendants knowingly accepted Cottrell's services by completing the transaction arranged by him and received benefits from that transaction. The summary judgment evidence shows that Burton Creek Development, Ltd. sold the property to RaceTrac's sister company, Gingercrest, by deed dated January 29, 2013. The settlement statement signed by Burton Creek Development, Ltd. in connection with that sale shows that it was paid $850,252.50 from the Race Trac affiliate for the property.

8

3. The Defendants acknowledged in writing their obligation for a commission, as was established above.

4. The documentary evidence establishes the amount of the commission due. The email agreement or memorandum set the commission at 6%. The settlement statement from the closing of the sale shows that the property was sold for $850,252.50 on January 29, 2013. Six percent of $850,252.50 is $50,015.15.

B. Cottrell's Demand for Payment and Defendants' Breach

The summary judgment evidence shows that Cottrell was not paid a commission on the transaction, i.e., Burton Creek Development, Ltd. failed to comply with the agreement, that Cottrell made demand for payment and that Burton Creek Development, Ltd. failed and refused to pay it.

C. Cottrell's Damages

The documentary evidence establishes the amount of the commission due. The email agreement or memorandum set the commission at 6%. The settlement statement from the closing of the sale shows that the property was sold for $850,252.50 on January 29, 2013. Six percent of $850,252.50 is $50,015.15.

All of the foregoing establishes, as a matter of law, that Burton Creek Development, Ltd. breached its contract with Cottrell, that Cottrell was damaged in the sum of $50,015.15 and that Burton Creek Management, LLC is the general partner of Burton Creek Development, Ltd. and, as such, is jointly and severally liable to Cottrell.

Respectfully submitted,

ROBERT G. BAILEY, P.C.

By:/S/ ROBERT G. BAILEY
Robert G. Bailey
State Bar No. 01536200
3306 Sul Ross
Houston, Texas 77098
Land: 832-485-1338
Cell: 713-819-5534
Fax: 713-630-0017
Email: rbailey@robertbaileypc.com

ATTORNEY FOR PLAINTIFF

9

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on the following counsel of record via fax, hand delivery or certified mail on March 17, 2014:

Christopher W. Peterson
E.V. "Rusty" Adams, III
Peterson Law Group
3608 East 29th St., Suite 112
Bryan, Texas 77802
Phone: 979-703-7014
Fax: 979-703-7031
Email: rusty@brazoslawyers.com

/S/ ROBERT G. BAILEY
Robert G. Bailey

# APPENDIX 5

EXHIBITS ATTACHED HERETO CAN BE FOUND IN THE CLERK'S RECORD. THEY HAD TO BE REMOVED BECAUSE THE FILE SIZE WOULDN'T ALLOW FOR EFILING. THANK YOU.

Filed 4/22/2014 4:44:25 PM
Marc Hamlin, District Clerk
Brazos County, Texas
Kayla Johnson

NO. 13-000672-CV-272

| | | |
|---|---|---|
| DAVID COTTRELL | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| V. | § | 272D JUDICIAL DISTRICT |
| | § | |
| BURTON CREEK DEVELOPMENT, | § | |
| LTD., BURTON CREEK | § | |
| MANAGEMENT, LLC AND BRAZOS | § | |
| TRACE, LLC | § | |
| Defendants. | § | OF BRAZOS COUNTY, TEXAS |

## DEFENDANTS' RESPONSE TO
## PLAINTIFF'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT

### TO THE HONORABLE JUDGE OF SAID COURT:

**NOW COME** Defendants, Burton Creek Development, Ltd., Burton Creek Management, LLC and Brazos Trace, LLC, Non-Movants herein, and request this Honorable Court to DENY Movant's Cross-Motion for Partial Summary Judgment and GRANT Defendants' Motion for Summary Judgment.

I.

A.     Pursuant to Rule 166a(d), Rules of Civil Procedure, this notice shall serve as Plaintiff's statement of intent to use unfiled discovery products as proof in Plaintiff's Motion for Summary Judgment.

B.     In addition to Defendants' summary judgment evidence attached to Defendants' Motion for Summary Judgment, Defendants submit affidavits, and deposition transcripts, along with documentary evidence attached thereto as exhibits, as summary judgment evidence, attached hereto, filed with this response and incorporated by such reference for all purposes as if recited verbatim herein.

## II.

A. Defendants owned numerous tracts of land near the area of William Joel Bryan Parkway, Nash Street, and East Villa Maria Road. **Cottrell Deposition 83:18-83:20; 83:21-87:20 and Exhibits 4 and 16 thereto. Leventis Affidavit.**

B. Defendants, by and through their agent, Paul Leventis, had general communications with Plaintiff regarding developing the area as a mixed use development. During this time, a proposed "General Letter of Understanding" was drafted. This document was never agreed upon or signed, and the joint venture contemplated therein never materialized. **Cottrell Deposition 46:24-53:5 and Exhibit 3 thereto.**

C. The subject of the alleged agreement was land other than the corner pad which sold:

    a. The email upon which Plaintiff bases his claim was a proposed agreement regarding land which was intended to be sold to an apartment developer. **Cottrell Deposition 62:3-62:19; 62:20-63:21 and Exhibit 4 thereto. (Specifically, the alleged contract is Exhibit A to Deposition Exhibit 4.)**

    b. Plaintiff never replied to the email to accept the offer or to clarify what land it covered. **Cottrell deposition 60:21-61:21 and Exhibit 4 thereto. (Questioning regarding Exhibit 4 begins at 53:6.)**

    c. Exhibit B to Plaintiff's Petition was not part of the alleged contract. **Cottrell Deposition 54:14-57:15 and Exhibit 4 thereto.**

    d. The price discussed in the alleged agreement was a price which supports the conclusion that it applied to apartment land, and not to the corner pad. **Cottrell Deposition 98:22-99:10 and Exhibit 26 thereto.**

    e. The buyer out of Dallas (mentioned in the alleged agreement) was an apartment developer, and not CVS. In fact, the dealings with CVS ended in January of 2011, almost a year before the alleged agreement. **Cottrell Deposition 132:10-134:1 and Deposition Exhibit 25 thereto.**

D. Defendants owned numerous tracts in that general vicinity. **Cottrell Deposition 83:18-83:20; 83:21-87:20 and Exhibits 4 and 16 thereto.**

E. The sign advertising property in the area was erected and paid for by Leventis on behalf of Defendants. **Cottrell Deposition 43:15-44:6.**

F.     The sign was not placed on the corner pad. **Cottrell Deposition 41:8-41:18.**

G.     It was never contemplated that the corner pad would be apartment land. **Leventis Affidavit.**

H.     The prospective deal with CVS was pursued and lost long before the time of the alleged agreement. **Cottrell Deposition 96:22-98:21 and Exhibit 25 thereto; 98:22-99:10 and Exhibit 26 thereto; Cottrell Deposition 132:10-133:10.**

I.     Neyhart (an employee of the purchaser) contacted Cottrell in 2009 or 2010, long before the writing upon which Plaintiff's claim existed. **Cottrell Deposition 39:25-40:25.**

J.     Cottrell was not involved in the transaction. **Cottrell Deposition 129:5-130:13.**

K.     Cottrell was copied on the emails between Leventis and the buyer because he was looking for a buyer for the apartment land. **Cottrell Deposition 116:5-116:19 and Exhibit 49 thereto; Cottrell Deposition 117:3-117:18 and Exhibit 51 thereto.**

L.     Cottrell never replied to the emails and did not preserve his emails. **Cottrell Deposition 101:10-102:4; 117:19-118:16.**

M.     The parcel of land which was sold did not touch Villa Maria **Cottrell Deposition 71:16-73:4 and Exhibit 7 thereto.**

N.     Starting in September of 2012, Cottrell began asking Leventis to sign a commission agreement for the corner pad site, showing that he knew there was no commission agreement in place. **Cottrell Deposition 119:7-119:18 and Exhibit 53 thereto; Cottrell Deposition 125:4-125:10 and Exhibit 56 thereto.**

O.     Plaintiff never listed the property. **Leventis affidavit.**

III.

A.     *No genuine issue of material fact.* There is no genuine issue of material fact. Plaintiff's Cross-Motion should be denied and Defendant's Motion should be granted. As set forth below, even if all of Plaintiff's contentions are true, Defendant is entitled to summary judgment.

B.     *Allowing circumvention of the Statute of Frauds renders it meaningless.* The

Real Estate Dealers License Act, which contains the applicable statute of frauds, is an exercise of the police power of the State to regulate a private business which affects the public interest. Hall v. Hard, 160 Tex. 565 (1960). As part of that regulation, the Legislature has seen fit to regulate dealers by codifying a statute of frauds, in order to prevent fraud in commission agreements. Our courts require strict compliance with the terms of the RELA if a broker is to use the courts for recovery of his fees or charges for his services. Id., at 572. Thus, Plaintiff, in order to collect his fees, must strictly comply with the provisions of the Act, including the statute of frauds. To allow otherwise would eviscerate the law and frustrate the purposes of the Legislature.

C.   *Validity of writing determined at the time the buyer is procured.* The validity of a writing is determined at the time the buyer is procured. Frady v. May, 23 S.W.3d 558, 562 (Tex. App. - Fort Worth 2000, pet denied). The writing upon which Plaintiff's claim is based is dated December 14, 2011. Plaintiff testified that he procured the buyer in 2009 or 2010. **Cottrell Deposition 39:25-40:25.** Plaintiff could not have relied on the alleged agreement at a time when it did not exist.

D.   *Partial performance doctrine.* Plaintiff relies on the theory of partial performance in an effort to circumvent the statute of frauds. There are certain requirements which must be shown in order to recover on this theory. Strict compliance with these requirements is necessary to prevent the exception from swallowing the rule.

First, in order to apply the part performance exception, there must be strong evidence establishing the existence of an agreement and its terms. Carmack v. Beltway Development Co., 701 S.W.2d 37, 40 (Tex. App.—Dallas 1985, no writ). Here, there is no such strong evidence. In fact, the evidence shows otherwise. The alleged agreement, if any, is for

apartment land. The description is not adequate to identify the land. The email relied upon does not set forth the essential terms of the alleged agreement. This is certainly not strong evidence. A broker's full performance alone is not sufficient to take a commission agreement out of the statute of frauds, because such a construction would nullify the statute. Id., at 41, citing Landis v. W. H. Fuqua, Inc., 159 S.W.2d 228, 231 (Tex. App.—Amarillo 1942, writ ref'd). Furthermore, the party acting in reliance on the alleged contract must suffer a substantial detriment for which he has no adequate remedy. Exxon Corp. v. Breezevale, Ltd., 82 S.W.3d 429, 439 (Tex. App.—Dallas 2002, pet. denied). Here, it is not shown that Plaintiff did anything except answer a phone call.

Second, there must be affirmative corroboration by both parties of the missing terms. Lathem v. Kruse, 290 S.W.3d 922, 928 (Tex. App.—Dallas 2009, no pet.). Here, we have quite the opposite situation. All of the evidence points to the fact that the offer was intended to cover only apartment land, and in any case did not cover the corner pad which was actually sold. If both parties do not affirmatively corroborate the same missing term, then there is no agreement.

Third, the partial performance, if any, must be unequivocally referable to the agreement and corroborative of the fact that a contract was actually made. Hairston v. Southern Methodist Univ., 2013 WL 1803549 (Tex. App.—Dallas 2013, pet. denied), citing Breezevale, 82 S.W.3d at 439-40. The partial performance must be such as could have been done with no other design than to fulfill the particular agreement sought to be enforced. Without such precision, the acts of performance do not tend to prove the existence of the parol agreement sought to be enforced. Id. Here, the performance, if any, of Plaintiff could have been done with a design to make the apartment land (or another part of the development) more attractive to a developer, and thus was not unequivocally referable to the alleged agreement, nor was it corroborative of the fact that the

parties intended to make a contract on the corner pad. "The relevant issue is not whether there is evidence that the performance could be referable to the contract which a party is trying to enforce; rather, it is whether there is evidence that the performance is solely referable to the contract." Id.

Finally, even if partial performance is proven, only reliance damages are available. Lost profits or other contractual damages are not available. Magcobar N. American, v. Grasso Oilfield Svcs., 736 S.W.2d 787, 796. Plaintiff has made no proof of reliance damages. Therefore, partial performance fails as a theory of recovery.

D.     *Even if there is a contract to sell the whole tract, Plaintiff cannot recover by selling part of the tract.* Even if the Court finds that a valid contract existed with respect to Lot 1, Plaintiff cannot recover. When an owner of land authorizes a broker to sell the whole tract, and not merely a part thereof, the broker cannot recover a commission upon proof that he secured a purchaser ready, willing, and able to buy a part of the property at the stipulated price. O'Neil v. O'Neil, 258 S.W. 588, 591 (Tex. App.—Fort Worth 1924, writ dism'd w.o.j.). Therefore, if the Court finds that the alleged agreement applied to Lot 1, Plaintiff cannot recover, because all of Lot 1 was not sold.

For the foregoing reasons, the Court should deny Plaintiff's Cross-Motion for Partial Summary Judgment and grant Defendant's Motion for Summary Judgment.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Non-Movants pray that this Court will deny Plaintiff's Cross-Motion for Partial Summary Judgment and grant Defendant's Motion for Summary Judgment, or order such other relief as may be appropriate.

Respectfully submitted,

Peterson Law Group

By: _____
E. V. "Rusty" Adams III
Texas Bar No. 24045372
1733 Briarcrest Drive, Suite 100
Bryan, Texas 77802
Tel. (979) 703-7014
Fax. (979) 703-7031
Email: rusty@brazoslawyers.com
Attorney for Defendants
Burton Creek Development, Ltd., Burton Creek
Management, LLC and Brazos Trace, LLC

## CERTIFICATE OF SERVICE

I certify that on April 22, 2014, a true and correct copy of Defendants' Response to Motion for Summary Judgment was served on Robert G. Bailey electronically at rbailey@robertbaileypc.com, and the electronic transmission was reported as complete.

_____
E. V. "Rusty" Adams III
E-mail:rusty@brazoslawyers.com

Filed 4/22/2014 4:44:25 PM
Marc Hamlin, District Clerk
Brazos County, Texas
Kayla Johnson

NO. 13-000672-CV-272

| | | |
|---|---|---|
| DAVID COTTRELL | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| V. | § | 272D JUDICIAL DISTRICT |
| | § | |
| BURTON CREEK DEVELOPMENT, | § | |
| LTD., BURTON CREEK | § | |
| MANAGEMENT, LLC AND BRAZOS | § | |
| TRACE, LLC | § | |
| Defendants. | § | OF BRAZOS COUNTY, TEXAS |

## APPENDIX TO
## DEFENDANTS' RESPONSE TO
## PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

### TABLE OF CONTENTS

All summary judgment evidence in this appendix is incorporated by reference into Defendants' Response to Plaintiff's Motion for Partial Summary Judgment.

I.    Affidavits

Exhibit A:  Affidavit of Paul Leventis

Exhibit B:  Affidavit of E. V. "Rusty" Adams III attesting to the amount and reasonableness of attorney fees.

Exhibit C:  Affidavit of E. V. "Rusty" Adams III attesting to the authenticity of documents.

II.    Deposition Transcript.

Exhibit D:  True and correct copy of the transcript of the deposition of David Cottrell with a true copy of the certificate of the deposition officer, true and correct copies of the referenced exhibits, and the affidavit of E. V. "Rusty" Adams III.

NO. 13-000672-CV-272

| | | |
|---|---|---|
| DAVID COTTRELL | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| V. | § | 272D JUDICIAL DISTRICT |
| | § | |
| BURTON CREEK DEVELOPMENT, | § | |
| LTD., BURTON CREEK | § | |
| MANAGEMENT, LLC AND BRAZOS | § | |
| TRACE, LLC | § | |
| Defendants. | § | OF BRAZOS COUNTY, TEXAS |

## AFFIDAVIT OF PAUL LEVENTIS

BEFORE ME, the undersigned authority, on this day personally appeared Paul Leventis, who, being by me duly sworn, deposed as follows:

"My name is Paul Leventis. I am over twenty-one years of age, of sound mind and capable of making this affidavit. The facts stated in this affidavit are personally known by me and are true and correct.

"My name is Paul Leventis. I am an officer of each of the Defendants in this suit.

"Defendants own or owned several tracts of land in the vicinity of William Joel Bryan Parkway, Nash Street, and East Villa Maria Road in Bryan. I had general communications with David Cottrell regarding the development of those lands. There was a proposed "General Letter of Understanding" circulated which contemplated such a development plan. However, that General Letter of Understanding was never agreed upon or signed, and the joint venture contemplated therein never took place.

"There were several iterations of site plans contemplated for a mixed-use development. In each of the site plans, the corner pad on the corner of William Joel Bryan Parkway and Nash Street was to be a retail development –including possibly a convenience store. In some of the



plans, the additional frontage on William Joel Bryan was to be retail. In some, it was to be apartments. The land to the south of the corner pad was to be apartments. None of the plans contemplated apartments on the corner pad.

"I placed a sign near William Joel Bryan Parkway near the intersection with Nash. The sign was farther west on William Joel Bryan and was not on the corner pad. I paid for the sign. Cottrell had no part in placing the sign, although his telephone number was on it. This sign was placed long before I sent the email on which Plaintiff's claim is based.

"The Plaintiff is suing based on an email I sent on December 14, 2011, in which I stated that I would pay a commission if he brought me a buyer on the part of the property which was set aside for apartments. In the email, I specifically referenced the apartment land. Additionally, I set forth that the price had to exceed $7.00 per square foot in order to beat a previous offer and cover Plaintiff's commission. The email does not offer to pay a commission on the corner pad, which would fetch a significantly higher price and was not to be used for apartments.

"Plaintiff never responded to my email to accept my offer, nor did he make any attempt to clarify what land was referenced in my email.

"Plaintiff never asked me to sign a listing agreement or any other commission agreement until after Plaintiff learned that the corner pad was being sold. I never signed any such agreement.

"The transaction on which Plaintiff's claim is based was the sale of the corner pad only, and not for the apartment land. The corner pad sold for a price much higher than $7.00 per square foot.

"Plaintiff never listed the property.

"Plaintiff was copied on emails between me and the prospective buyer in order to keep

him informed in his efforts to procure a buyer for the apartment land. Other than being kept informed, Plaintiff was not involved in the transaction. Plaintiff did not respond to the emails, which were sent to him for his information.

"Plaintiff did not contact me again until September when he learned that the corner pad was to be sold. At that time, he asked me to execute a commission agreement regarding the corner pad.

"I am a custodian of the records of Defendants, and each of them. All of the Exhibits attached to Defendant's Response to Plaintiff's Cross-Motion for Partial Summary Judgment are are made and kept by Defendants in the regular course of business. The information contained therein was recorded by, or from information transmitted by, a person with knowledge of the acts, events, conditions, opinions, or diagnoses recorded therein, at or near the time thereof. The records attached thereto are true and correct copies of the originals."

SIGNED on ___April 22__, 2014.



Paul Leventis, Affiant

SUBSCRIBED AND SWORN TO BEFORE ME on ___April 22, 2014___ by ___Paul Leventis___.

Notary Public, State of Texas

LYNETTE FRIDEL
Notary Public, State of Texas
My Commission Expires
FEBRUARY 04, 2017

## NO. 13-000672-CV-272

| DAVID COTTRELL | § | IN THE DISTRICT COURT |
| Plaintiff. | § | |
| | § | |
| V. | § | 272D JUDICIAL DISTRICT |
| | § | |
| BURTON CREEK DEVELOPMENT, | § | |
| LTD., BURTON CREEK | § | |
| MANAGEMENT, LLC AND BRAZOS | § | |
| TRACE, LLC | § | |
| Defendants. | § | OF BRAZOS COUNTY. TEXAS |

### AFFIDAVIT IN SUPPORT OF REQUEST
### FOR ATTORNEY'S FEES

BEFORE ME. the undersigned authority. on this day personally appeared E. V. "Rusty" Adams III. who swore on oath that the following facts are true:

"My name is E. V. "Rusty" Adams III. I am over 18 years of age. of sound mind. and fully competent to make this affidavit. I have personal knowledge of the facts stated herein and they are all true and correct.

"I am an attorney licensed to practice law in the State of Texas. I have practiced law in the Bryan-College Station and surrounding areas for over nine years and am familiar with the fees customarily charged in this area for the type of work done in this matter. i.e.. litigation.

"On February 14. 2013. Defendants employed me in connection with the matter on which this suit is based. The invoice from my office attached hereto accurately reflects the amount of time and attorney fees (including legal professionals under my supervision) and costs expended in this matter. Both the invoice and said affidavit are incorporated into this affidavit by reference as if set forth in full.

"I am a custodian of records for Peterson Law Group. The records attached hereto are made by. or from information transmitted by. a person with knowledge of the events or

conditions recorded therein. The records attached hereto are made at or near the time of the events or conditions recorded therein. The records attached hereto are made and kept in the regular and ordinary course of business.

"Movant is entitled to recover the reasonable attorney's fees requested herein pursuant to written contract.

"It is my opinion that these fees are reasonable attorney's fees based upon the following factors:

1.    The novelty and difficulty of the issue involved, the skill required to provide the legal services properly, and the experience, reputation, and expertise of the lawyer or lawyers performing the services;

2.    The time and labor involved to perform the legal services properly; and.

3.    The fee customarily charged in the community for similar services.

"It is my opinion that attorney's fees in the amount of $5,000.00 would be a reasonable fee for the services required to perform post-judgment discovery and to satisfy the judgment by writ of execution and other procedures.

"It is my opinion that in the event this case is appealed to the court of appeals, attorney's fees in the amount of $20,000.00 would be a reasonable fee for services performed in this cause on appeal to the court of appeals.

"It is my opinion that in the event this case is appealed to the Texas Supreme Court, additional attorney's fees in the amount of $20,000.00 would be a reasonable fee for services performed in this cause on appeal to the Texas Supreme Court."

SIGNED on 7 _____, 2014.

_____
E. V. "Rusty" Adams III, Affiant

# APPENDIX 6

EXHIBITS ATTACHED HERETO CAN BE FOUND IN THE CLERK'S RECORD.  THEY HAD TO BE REMOVED BECAUSE THE FILE SIZE WOULDN'T ALLOW FOR EFILING.  THANK YOU.

RCVD
Filed 5/16/2014 3:43:12 PM
Marc Hamlin, District Clerk
Brazos County, Texas
Kayla Johnson

No. 13-000672-CV-272

| | | |
|---|---|---|
| DAVID COTTRELL | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | BRAZOS COUNTY, TEXAS |
| | § | |
| BURTON CREEK DEVELOPMENT, LTD. | § | |
| AND | § | |
| BURTON CREEK MANAGEMENT, LLC | § | 272ND JUDICIAL DISTRICT |

## PARTIAL SUMMARY JUDGMENT

IT IS ORDERED THAT the Motion for Summary Judgment filed herein by Burton Creek Development, Ltd. and Burton Creek Management, LLC, Defendants, be and is hereby DENIED.

IT IS ORDERED THAT the Cross-Motion for Partial Summary Judgment filed herein by David Cottrell, Plaintiff, be and is hereby GRANTED.

IT IS ORDERED, ADJUDGED AND DECREED that David Cottrell, Plaintiff, have and recover summary judgment of and from Burton Creek Development, Ltd. and Burton Creek Management, LLC, Defendants, jointly and severally, for actual damages in the principal amount of $50,015.15.

Signed this 26 day of June, 2014.

Judge Presiding

APPROVED AS TO FORM AND
SUBSTANCE:

ROBERT G. BAILEY, P.C.

By:_____
Robert G. Bailey
State Bar No. 01536200
3306 Sul Ross
Houston, Texas 77098
Land: 832-485-1338
Cell: 713-819-5534
Fax: 713-630-0017
Email: rbailey@robertbaileypc.com

ATTORNEY FOR PLAINTIFF,
DAVID COTTRELL

APPROVED AS TO FORM ONLY:

PETERSON LAW GROUP

By:_____
E.V. "Rusty" Adams, III
State Bar No. 24045372
3608 East 29th St., Suite 112
Bryan, Texas 77802
Phone: 979-703-7014
Fax: 979-703-7031
Email: rusty@brazoslawyers.com

ATTORNEY FOR DEFENDANTS,
BURTON CREEK DEVELOPMENT, LTD.
AND
BURTON CREEK MANAGEMENT, LLC


FILED
At 9:14 o'clock A M
JUN 3 0 2014
MARC HAMLIN, DIST CLERK
Brazos County, Texas
By_____ Deputy

Filed 5/16/2014 3:43:12 PM
Marc Hamlin, District Clerk
Brazos County, Texas
Kayla Johnson

**ROBERT G. BAILEY, P.C.**
ATTORNEY AT LAW
3306 SUL ROSS
HOUSTON, TEXAS 77098

BOARD CERTIFIED CIVIL TRIAL LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

LAND: 832-485-1338
CELL: 713-819-5534
FAX: 713-630-0017
EMAIL: rbailey@robertbaileypc.com

May 16, 2014

Clerk, 272nd District Court                     VIA EFILE.TXCOURTS.GOV
300 E. 26th Street, Suite 204
Bryan, Texas 77803

Re:    No. 13-000672-CV-272; David Cottrell vs. Brazos Trace, LLC, Burton Creek Development,
       Ltd. and Burton Creek Management, L.L.C.; In the District Court of Brazos County, Texas,
       272nd Judicial District

Dear Clerk:

Please submit the attached order to Judge Bryan for entry. I submitted it to opposing counsel
for approval as to form, but received no response, so I am filing this without his signature.

Please call me if you have any questions regarding the forgoing.

Thank you for your prompt attention to this matter.

Yours truly,

Robert G. Bailey

RGB/bl

cc:    David Cottrell, III
       E.V. "Rusty" Adams, III                  VIA EFILE.TXCOURTS.GOV

Date/Time: Jun. 27. 2014  8:07AM

| File<br>No. Mode | Destination | Pg(s) | Result | Page<br>Not Sent |
|---|---|---|---|---|
| 9842 Memory TX | 91-713-630-0017----9581832<br>ADAMS RUSTY | P.  1 | OK<br>OK | |

--------------------------------------------------------------------------------

Reason for error
E. 1) Hang up or line fail
E. 3) No answer
E. 5) Exceeded max. E-mail size

E. 2) Busy
E. 4) No facsimile connection

RCVD
7/16/2014 2:43:12 PM
Marc Hamlin, District Clerk
Brazos County, Texas
Kayla Johnson

No. 13-000672-CV-272

DAVID COTTRELL

VS.

BURTON CREEK DEVELOPMENT, LTD.
AND
BURTON CREEK MANAGEMENT, LLC

IN THE DISTRICT COURT OF

BRAZOS COUNTY, TEXAS

272ND JUDICIAL DISTRICT

PARTIAL SUMMARY JUDGMENT

IT IS ORDERED THAT the Motion for Summary Judgment filed herein by Burton Creek Development, Ltd. and Burton Creek Management, LLC, Defendants, be and is hereby DENIED.

IT IS ORDERED THAT the Cross-Motion for Partial Summary Judgment filed herein by David Cottrell, Plaintiff, be and is hereby GRANTED.

IT IS ORDERED, ADJUDGED AND DECREED that David Cottrell, Plaintiff, have and recover summary judgment of and from Burton Creek Development, Ltd. and Burton Creek Management, LLC, Defendants, jointly and severally, for actual damages in the principal amount of $50,015.15.

Signed this 26 day of June, 2014.

Judge Presiding

APPROVED AS TO FORM AND
SUBSTANCE.

ROBERT G. BAILEY, P.C.

By:
Robert G. Bailey
State Bar No. 01536200
3306 Sul Ross
Houston, Texas 77098
Land: 832-485-1338
Cell: 713-819-5534
Fax: 713-630-0017
Email: rbailey@roberthaileypc.com

ATTORNEY FOR PLAINTIFF,
DAVID COTTRELL

APPROVED AS TO FORM ONLY:

PETERSON LAW GROUP

By:
E.V. "Rusty" Adams, III
State Bar No. 24045372
3608 East 29th St., Suite 112
Bryan, Texas 77802
Phone: 979-703-7014
Fax: 979-703-7031
Email: rusty@brazoslawyers.com

ATTORNEY FOR DEFENDANTS,
BURTON CREEK DEVELOPMENT, LTD.
AND
BURTON CREEK MANAGEMENT, LLC

No. 13-000672-CV-272

| | | |
|---|---|---|
| DAVID COTTRELL | § | IN THE DISTRICT COURT OF |
| VS. | § | BRAZOS COUNTY, TEXAS |
| BURTON CREEK DEVELOPMENT, LTD. AND | § | |
| BURTON CREEK MANAGEMENT, LLC | § | 272ND JUDICIAL DISTRICT |

## FINAL JUDGMENT

IT IS ORDERED, ADJUDGED AND DECREED that David Cottrell, Plaintiff, have and recover judgment of and from Burton Creek Development, Ltd. and Burton Creek Management, LLC, Defendants, jointly and severally, for actual damages in the principal amount of $50,015.15, together with pre-judgment interest thereon at the rate of 6% per annum from January 29, 2013 until the date of this Final Judgment.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that David Cottrell, Plaintiff, have and recover judgment of and from Burton Creek Development, Ltd. and Burton Creek Management, LLC, Defendants, jointly and severally, for attorney's fees in the sum of $ 23,150.00 .

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that David Cottrell, Plaintiff, have and recover judgment of and from Burton Creek Development, Ltd. and Burton Creek Management, LLC, Defendants, jointly and severally, for reasonable and necessary attorney's fees in the sum of $ 12,500.00 in the event an appeal to the court of appeals is filed by either of Defendants Burton Creek Development, Ltd. or Burton Creek Management, LLC, and Plaintiff David Cottrell is successful.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that David Cottrell, Plaintiff, have and recover judgment of and from Burton Creek Development, Ltd. and Burton Creek Management, LLC, Defendants, jointly and severally, for reasonable and necessary attorney's fees in the sum of $ 7,500.00 in the event a petition for review is filed by either of Defendants Burton Creek Development, Ltd. or Burton Creek Management, LLC, and Plaintiff David Cottrell is required to file a response and is successful in the Supreme Court of Texas, which includes the court's refusal to hear the matter.

DC 314
At o'clock P
FILED

DEC 0 3 2014

MARC HAMLIN, DIST CLERK
Brazos County, Texas
By Deputy

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that David Cottrell, Plaintiff, have and recover judgment of and from Burton Creek Development, Ltd. and Burton Creek Management, LLC, Defendants, jointly and severally, for reasonable and necessary attorney's fees in the sum of $ 5,000.00 in the event a petition for review is granted by the Supreme Court of Texas for representation at the merits briefing stage and Plaintiff David Cottrell is successful.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that David Cottrell, Plaintiff, have and recover judgment of and from Burton Creek Development, Ltd. and Burton Creek Management, LLC, Defendants, jointly and severally, for reasonable and necessary attorney's fees in the sum of $ 5,000.00 in the event a petition for review is granted by the Supreme Court of Texas for representation at the oral argument stage and Plaintiff David Cottrell is successful.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all taxable costs of court are taxed against Burton Creek Development, Ltd. and Burton Creek Management, LLC, Defendants, jointly and severally.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that interest shall accrue at the rate of 5% per annum on the amounts awarded herein for damages, attorney fees and costs from the date of this Final Judgment until paid. Interest, if any, on any contingent award of appellate attorney fees shall accrue from the date of a final judgment in the appellate courts.

All claims and causes of action not expressly disposed of herein are hereby denied. This judgment disposes of all claims and all parties and is final and appealable.

Signed this __17__ day of ___Nov___, 2014.

_____
Judge Presiding

2

APPROVED AS TO FORM:

ROBERT G. BAILEY, P.C.

By:_____

Robert G. Bailey
State Bar No. 01536200
3306 Sul Ross
Houston, Texas 77098
Land: 832-485-1338
Cell: 713-819-5534
Fax: 713-630-0017
Email: rbailey@robertbaileypc.com

ATTORNEY FOR PLAINTIFF,
DAVID COTTRELL

APPROVED AS TO FORM ONLY:

PETERSON LAW GROUP

By:_____

E.V. "Rusty" Adams, III
State Bar No. 24045372
3608 East 29th St., Suite 112
Bryan, Texas 77802
Phone: 979-703-7014
Fax: 979-703-7031
Email: rusty@brazoslawyers.com

ATTORNEY FOR DEFENDANTS,
BURTON CREEK DEVELOPMENT, LTD.
AND
BURTON CREEK MANAGEMENT, LLC

3